PRESLEY, APPELLANT, *v.* CITY OF NORWOOD, APPELLEE.

(No. 73-51—Decided October 31, 1973.)

30

*Messrs. Waite, Schindel, Bayless & Schneider, Mr. Philip J. Schneider* and *Mr. Stanley M. Chesley*, for appellant.

*Mr. Thomas B. Walker*, city solicitor, for appellee.

STERN, J. Resolution of this case involves a two-step determination. First, did the trial court err in failing to charge the jury that appellee must have had knowledge of the hazardous condition of the premises before it could be found negligent? Second, did appellee waive its right to question the court's charge by not objecting thereto before the jury retired? Our initial focus is on the adequacy of the charge.

The duty owed by a proprietor to his business invitees is one of ordinary care to insure their safety. *S. S. Kresge Co.* v. *Fader* (1927), 116 Ohio St. 718. This duty has been more particularly defined as it applies to differing fact patterns. Where, as here, injury arises from a "slip and fall" due to a hazardous condition not created by the proprietor or his employees, the rule is clear. In such cases, the plaintiff must show that the defendant had, or in the exercise of ordinary care should have had, notice of the hazard for a sufficient time to enable him, in the exercise of ordinary care, to remove it or warn patrons about it. *Anaple* v. *Standard Oil Co.* (1955), 162 Ohio St. 537; *Johnson* v. *Wagner Provision Co.* (1943), 141 Ohio St. 584. Appellant argues that *Mikula* v. *Slavin Tailors* (1970), 24 Ohio St. 2d 48, eliminated this element of notice where a hazardous condition is concealed from view. His reliance is misplaced. Paragraph five of the syllabus in *Mikula, supra,* reads:

"Where an owner in control of a business parking area has *notice, actual* or *constructive*, that a natural accumulation of snow thereon has, by reason of covering a hole in the surface thereof, created a condition substantially more dangerous to a business invitee than that normally associated with snow, such owner's failure to correct the condition constitutes actionable negligence." (Emphasis added.)

Even were we to substitute the words "water" and "oily grease" for the words "snow" and "hole" which appear in the above-quoted syllabus, as appellant suggests, his contention is without merit.

There was some confusion at trial about the need to show the length of time that the water

and oil had remained on the premises. If a plaintiff cannot show that a defendant had actual knowledge of an existent hazard, evidence as to the length of time the hazard had existed is necessary to support an inference that defendant had constructive notice. In order to support such an inference, the jury must be presented with evidence sufficient to indicate that a dangerous condition has "* * * existed for a sufficient time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." *Johnson, supra,* at 584; 2 Restatement of the Law, Torts 2d, Appendix, 192. See, also, 62 A. L. R. 2d 6, at 33 *et seq.*

This court holds that the trial court's failure to charge the jury on the necessity of appellee's having notice of the hazard (water and oil on the floor) was error. Therefore, on that issue, the judgment of the Court of Appeals is affirmed.

We next observe that the Court of Appeals, in holding appellee's second assignment of error to be well taken, misconstrued the application of Civ. R. 51(A) and thereby erred. A party can no longer predicate error solely on a trial court's refusal to accept a requested jury instruction. The distinction between "general" and "special" charges has been abolished by Civ. R. 51(A), and all objections must now be directed to the charge *as given by the trial court.*

Appellant finally contends that appellee's failure to comply with Civ. R. 51(A) precludes it from now complaining of error in the trial court's charge. We turn to the applicable portion of that rule:

"No party may assign as error the giving or the failure to give any instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. * * *"

Although this court has not definitively spoken on the matter, the federal judiciary has been applying a rule essentially identical to Civ. R. 51(A) since its promulgation in

1938.[2] The theory behind Civ. R. 51(A), like that behind Rule 51 of the Federal Rules of Civil Procedure, is "that the court should be given an opportunity to correct a mistake or defect in the instruction when it can be accomplished during the same trial." McCormac, Ohio Civil Rules Practice, Section 12.18; 5A Moore, Federal Practice (2 Ed.), Section 51.04. Federal courts have recognized that once a party makes his position sufficiently clear to the trial court, the rationale for formally objecting to a charge given in disregard of that position is no longer present. Thus, in appropriate cases, federal courts have entertained complaints about jury charges even though no formal objection was made at trial. *Sweeney v. United Feature Syndicate* (C. A. 2, 1942), 129 F. 2d 904; *Evansville Container Corp. v. McDonald* (C. A. 6, 1942), 132 F. 2d 80; *Williams v. Powers* (C. A. 6, 1943), 135 F. 2d 153; *Keen v. Overseas Tankship Corp.* (C. A. 2, 1951), 194 F. 2d 515, certiorari denied, 343 U. S. 966; *Irvin Jacobs & Co. v. Fidelity & Deposit Co. of Maryland* (C. A. 7, 1953), 202 F. 2d 794; *Kentucky Trust Co. v. Glenn* (C. A. 6, 1954), 217 F. 2d 462; *United States v. General Motors Corp.* (C. A. 3, 1955), 226 F. 2d 745; *Buckley v. Valley Camp Coal Co.* (C. A. 4, 1963), 324 F. 2d 244; *Meitz v. Garrison* (C. A. 8, 1969), 413 F. 2d 895.

That reasoning is sound, and equally applicable to Civ. R. 51(A). Thus, where the record affirmatively shows that a trial court has been fully apprised of the correct law governing a material issue in dispute and that the complaining party has unsuccessfully requested the inclusion of that law in the trial court's charge to the jury, that party cannot be said to have waived his objections to the court's charge by failing to *formally* object after the charge is given.

In the present case, the Court of Appeals sustained appellee's contention that it had sufficiently complied with

---

[2] Rule 51, Federal Rules of Civil Procedure, effective September 16, 1938, uses the word "distinctly" instead of the word "specifically" as found in the quoted portion of Civ. R. 51(A) (effective as amended July 1, 1972).

Civ. R. 51(A). Our examination of the record reveals, however, that appellee's requested jury instruction did not fully state the law governing the issue of notice. Indeed, in its argument for a directed verdict and in its requested instruction, appellee maintained that appellant had the burden of proving both knowledge *and* length of time that the hazardous condition existed. The incorrectness of this position can be seen from our discussion, *supra*, of the necessity of notice. The Court of Appeals therefore erred in finding that appellant had substantially complied with Civ. R. 51(A), and, on that issue, the judgment of the Court of Appeals is reversed.

Finally, we note that, although appellee disagrees, in its brief, with the appellate court's overruling of its first assignment of error,[3] it has not filed a cross-appeal from that portion of the decision. Since, to sustain appellee's contention would necessitate our reversing the judgment of the Court of Appeals, we are therefore precluded from considering appellee's contention. *Parton* v. *Weilnau* (1959), 169 Ohio St. 145, 170-171. See Rule 1, Section 1, Supreme Court Rules of Practice.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the Court of Appeals is directed to order reinstatement of the judgment of the Court of Common Pleas.

*Judgment reversed.*

O'NEILL, C. J., CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT, J., concurs in the second paragraph of the syllabus and in the judgment.

---

[3]Appellee's conclusion in its brief states:

"* * * It is respectfully submitted that from the evidence upon trial, the Plaintiff, Appellant, failed to meet the burden of proof and the Court should have directed a verdict for Defendant-Appellee."