**BRENNER et al.**

**v.**

**OHIO DEPARTMENT OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES.**

Court of Claims of Ohio.

No. 91–03873.

Decided April 12, 1993.

*Lawrence W. Corman,* for plaintiffs.

*Lee Fisher,* Attorney General, and *Larry Y. Chan,* Assistant Attorney General, for defendant.

FRED J. SHOEMAKER, JUDGE.

On March 27, 1991, plaintiffs, Linda and Dale Brenner, filed this action against defendant, Ohio Department of Mental Retardation and Developmental Disabilities, alleging negligence by the Warrensville Development Center ("WDC") for failing both to supervise and control one of its patients and to warn plaintiff, Linda Brenner, of a known danger. Plaintiffs' allegations result from an incident that occurred at WDC on August 21, 1989, when a patient, William Newlands, who was under the care, custody and control of defendant, assaulted plaintiff, Linda Brenner, by striking her in the face.

On February 22–24, 1993, this action was heard by the court on the sole issue of liability. The court has duly considered the evidence and arguments of counsel and renders the following findings of fact and conclusions of law.

On August 21, 1989, Linda Brenner, who was a workshop specialist for the Cuyahoga County Board of Mental Retardation at the Euclid Adult Training Center, reported to WDC for the purpose of performing her additional duties as a bus monitor for those WDC clients who were being transported to Euclid Adult Training Center for workshops.

Upon plaintiff's arrival at the WDC lobby, she noticed Newlands looking at his watch and asked him what time it was. Newlands responded that it was none of her business and plaintiff then turned and moved away from him. Shortly thereafter, plaintiff was struck in the face by Newlands and required medical care.

■ Plaintiffs' action is framed as a negligence claim against defendant. The law of negligence requires that a plaintiff prove, by a preponderance of the evidence, the existence of a duty, the breach of that duty, and injury resulting proximately therefrom. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467.

■ The court finds that Brenner's status was that of an invitee. Business invitees are those persons who come upon the premise of another, by invitation, express or implied, for some purpose which is beneficial to the owner. *Scheibel v. Lipton* (1951), 156 Ohio St. 308, 46 O.O. 177, 102 N.E.2d 453.

■ As an invitee, defendant owed plaintiff the following duty:

"It is the duty of the owner or occupier of premises to *exercise ordinary or reasonable care* for the safety of invitees, so that the premises are in a reasonably safe condition for use in a manner consistent with the purpose of the invitation. If he directly or by implication invites others to go on the premises, it is his duty to have them reasonably safe, and to warn of latent or concealed perils of which he knows or has reason to know, and if he creates the condition he is charged with knowledge thereof. He must use ordinary care in keeping his premises free from dangers which are not discernible by a prudent person who uses ordinary care, and is liable if an invitee is injured as the result of a defect which exists through his negligence." (Citations omitted and emphasis added.) 76 Ohio Jurisprudence 3d (1987) 18–20, Premises Liability, Section 7; *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 65 O.O.2d 129, 303 N.E.2d 81.

However, defendant is not an insurer of an invitee's safety, and there are limits to the duty generally:

"The invitor's duty to protect is reduced to the extent that a duty of self-protection rests on the invitee. The occupant has no duty to protect an invitee against dangers known to the latter, or which are so obvious that it is reasonable to expect he will discover them and protect himself." (Citations omitted.) 76 Ohio Jurisprudence 3d at Section 8; *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589.

■ Applying general negligence principles to the case at bar, defendant owed plaintiff a duty of reasonable care from harm inflicted by a patient who is under the care, custody, and control of defendant. For defendant to have breached any

duty to plaintiff, there must have been notice and a failure to act reasonably. The legal concept of notice is of two distinguishable types: actual and constructive:

"The distinction between actual and constructive notice is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of information obtained. Wherever from competent evidence the trier of the facts if entitled to hold as a conclusion of fact and not as a presumption of law that information was personally communicated to or received by a party, the notice is actual. ·Constructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *In re Fahle's Estate* (1950), 90 Ohio App. 195, 47 O.O. 231, 105 N.E.2d 429, paragraph two of the syllabus.

Although both experts testified that it is difficult to predict violent behavior, they disagreed as to whether it was foreseeable that the prior violent outbursts of Newlands would continue. See *Littleton v. Good Samaritan Hosp. & Health Ctr.* (1988), 39 Ohio St.3d 86, 529 N.E.2d 449, for a discussion of violent acts by hospitalized mental patients.

Foreseeability is based upon what a reasonably prudent and careful person would or should anticipate:

"The doctrine of reasonable anticipation or foreseeability of the consequences of one's negligent acts is clearly a part of the negligence law of Ohio. Thus, foresight, not retrospect, is the standard of diligence. To be liable in negligence, one must be guilty of something done or left undone with knowledge, or what is legally tantamount to knowledge of the situation. Fault on the part of the defendant is to be found in action or nonaction, accompanied by knowledge, actual or implied, of the probable results of his conduct; and a person's liability for his acts depends upon their tendency under the circumstances as they are known or should be known to him. *The question of negligence is to be determined by the consideration whether or not a party has guarded against those things which he might reasonably have had cause to anticipate.* Although, where it is found that any unreasonable risk of danger should have been foreseen, the practicability of things the defendant might have done to avoid the risk should be taken into account. *There is no actionable liability for negligence unless some injury resulting therefrom could reasonably have been foreseen in the light of attending circumstances.* In other words, damages for an injury resulting from a negligent act of the defendant may be *recovered if a reasonably prudent and careful person should have anticipated,* under the same or similar circumstances, that injury to the plaintiff or to those in a like situation would probably result." (Citations omitted and emphasis added.) 70 Ohio Jurisprudence 3d (1986) 49–50, Negligence, Section 11.

While this court will agree that it may be difficult to predict a patient's violent outbursts and the ramifications thereof, the annual psychological evaluations for William Newlands, although all worded with striking similarity, refer to warning signs that would be displayed prior to any aggression. All reports that referred to the warning signs expressed by Newlands included repeated and silly teasing, pacing from room to room, glassy eyes, and resistance to staff correction.

It should further be noted that all summaries and recommendations included language similar to the following:

"Outbursts should be dealt with quickly in a firm, consistent manner. Staff are to monitor his behavior closely for the antecedents of an outburst and intervene immediately when they are noted. When upset, Bill has to be watched carefully to prevent property destruction."

While cognizant of the goals and requirements of defendant to provide services for those under their care, custody and control in the "least restrictive manner" possible, where defendant is on notice of potential volatile outbursts and the warning signs thereof, defendant has breached a duty owed to plaintiffs by failing to act reasonably in removing or controlling Newlands when he began to show the warning signs for outbursts. Furthermore, defendant had a duty to notify Linda Brenner and others in similar positions who were associated with Newlands about his propensity for volatile outbursts so they could understand the warning signs and respond in an appropriate manner.

Accordingly, the court finds that the injury to plaintiffs was caused by the negligence of defendant. This matter shall be scheduled as soon as possible to determine the damage issue.

*Judgment for plaintiffs.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.