This case has sua sponte been removed from the accelerated calendar.
 OPINION.
In August 1995, plaintiff-appellant Ester Faye Oaks moved into a single-family home that she had rented from defendant-appellee, Wing Sang Wai. Prior to Oaks's occupancy of the premises, Wai had removed a washer and dryer from the basement. When Oaks moved into the home, she then placed her own washer and dryer in the basement. Oaks also used the basement as a bedroom and moved her bed and other personal items into the basement. Oaks stated that she used the basement stairs, which were made from wood and had metal toe strips, at least a dozen times a day. On November 18, 1995, as Oaks was retiring to her bed in the basement, she fell on the basement stairs and injured herself.
A year later, Oaks brought a complaint against Wai, alleging that Wai had "negligently and carelessly permitted a hazardous condition to exist in the form of a protruding nail upon the poorly lit inside stairway." Essentially, Oaks claimed that, while she was descending the basement stairs, one of her slippers caught on a loose screw that held a toe strip in place and that Wai had been negligent in failing to warn her about or to repair the hazard. Wai moved for and was granted summary judgment.[2]
After the case was heard on appeal and remanded twice by this court, summary judgment was again granted in Wai's favor on December 3, 1998. In its December 1998 decision, the trial court held that because "there is no genuine issue of fact [and] there is no evidence to meet the notice requirement essential to [prove] liability underShroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20, [Wai] is entitled to Judgment as a matter of law * * *." In this appeal, Oaks now contends that the trial court erred in ruling that there remained no genuine issue of material fact in dispute. We do not agree.
At common law, a landlord is not ordinarily liable for injuries occurring on the premises once he has given up possession and control of the property.[3] R.C. 5321.04, however, imposes statutory exceptions to a landlord's common-law immunity. The Ohio Supreme Court addressed the statutory exceptions inShroades v. Rental Homes, Inc., and determined that when a landlord fails to fulfill his duties under R.C. 5321.04, it is negligence per se.[4] But the court added that to establish the landlord's liability under the statute, a tenant must show proximate cause for the injuries sustained and either (1) that the landlord received notice of a defect in the property; (2) that the landlord knew of the defect; or (3) that the tenant made reasonable attempts to notify the landlord of the defect.[5]
In Oaks's memorandum in opposition to summary judgment and again on appeal, she has argued that Wai violated his duty under R.C. 5321.04. After reviewing the record, however, we hold that no evidence was presented that Wai actually knew about or had notice of the loose screw on the basement stairs. The record reflects that no one, including Wai or Oaks, had noticed that the screw was raised three-sixteenths of an inch before Oaks's accident. Absent knowledge of the defect by either party, it is, therefore, impossible for Wai to have received the requisite notice from Oaks or from the other tenants who lived in the home.
Despite Wai's lack of knowledge or notice about the raised screw, Oaks nevertheless maintains on appeal that Wai is liable because he created the alleged defect himself. Oaks submits that when a property owner creates the hazardous condition, he has knowledge or notice of the condition causing the plaintiff's injury. In her view, this rule relieves her of the burden to demonstrate notice under the particular circumstances of this case. We disagree.
The rule obviating the requirement of knowledge or notice where an owner has created the hazardous condition has traditionally been applied in cases relating to the duty an owner owes its invitees.[6] Oaks has cited no authority, nor has our research revealed any authority, standing for the proposition that the relaxed notice requirements applicable to invitees should be extended to the landlord-tenant relationship. In a landlord-tenant relationship, the lease traditionally transfers both possession and control to the tenant, thus relieving the landlord from a significant degree of tort liability, and although R.C. 5321.04 now imposes specific duties on the landlord, as we have already noted, the Ohio Supreme Court has imposed a notice requirement on a tenant seeking relief under the statute.[7]
As a result, we conclude that Oaks retained the burden to provide the trial court with evidence sufficient to show that Wai had notice of the alleged defect in the stairs. Because there is no evidence in the record to support a finding in Oaks's favor on this element of her claim, we hold that, even with the evidence construed in the light most favorable to Oaks, the trial court properly granted summary judgment to Wai.[8] Accordingly, we overrule Oaks's sole assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 Gorman, P.J., concurs.
Painter, J., concurs in judgment only.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Opinion.
[2] The trial court first granted summary judgment on October 31, 1997. Wai thereafter filed a "motion to set aside entry granting summary judgment" in order to allow the trial court to consider the transcript of a deposition witness. On December 15, 1997, we granted a "Joint Motion for Remand" so that the deposition could be considered. On remand, the trial court again granted summary judgment, and Oaks appealed. On September 25, 1998, we reversed the judgment of the trial court because our examination of the record revealed that the trial court had not considered three properly filed depositions. On remand in December 1998, the trial court, after considering all of the evidence in the record, granted summary judgment for the third time.
[3] See Shroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20,23-24, 427 N.E.2d 774, 776-777.
[4] See id. at syllabus.
[5] Id. at 25-26, 427 N.E.2d at 778.
[6] See Crane v. Lakewood Hosp. (1995), 103 Ohio App.3d 129,136, 658 N.E.2d 1088, 1093 (citing Presley v. Norwood [1973],36 Ohio St.2d 29, 303 N.E.2d 81); Hayes v. Wendy's Internatl, Inc.
(Feb. 16, 1999), Warren App. No. CA98-07-074, unreported; Tandy v.St. Anthony Hosp. (Nov. 29, 1988), Franklin App. No. 88AP-551, unreported.
[7] See Shroades v. Rental Homes, Inc., supra.
[8] Civ.R. 56(C).