JOURNAL ENTRY AND OPINION
Plaintiff-appellant Sue Janowitz ("appellant") appeals from the trial court's order granting summary judgment in favor of defendant-appellee Holy Cross Church ("the Church"). Appellant assigns the following errors for our review:
 I. THE TRIAL COURT ERRED IN HOLDING THAT PLAINTIFF WAS A LICENSEE ON DEFENDANT'S PREMISES AT THE TIME OF PLAINTIFF'S INJURY, AND IN GRANTING SUMMARY JUDGMENT TO DEFENDANT ON THAT BASIS.
 II. GENUINE ISSUES OF MATERIAL FACT EXIST AS TO THE DANGEROUSNESS OF DEFENDANT'S PREMISES, AND AS TO DEFENDANT'S NEGLIGENCE, MAKING SUMMARY JUDGMENT INAPPROPRIATE.
Finding appellant's assignments of error to lack merit, we affirm the judgment of the trial court.
 I.
At all times pertinent hereto, appellant worked as an outside sales representative with Hough Supply Company ("Hough"). As a sales representative with Hough, appellant solicited businesses and institutions to purchase maintenance and janitorial products.
Appellant made at least three unsolicited, unscheduled visits to the Church to "get a new account." During her initial "cold calls", appellant met with Richard Gessler, the Church's custodian. Mr. Gessler did not place an order during appellant's first two visits; instead, Mr. Gessler requested that appellant "check on some prices."
On March 27, 1995, appellant returned to the Church for a third unscheduled sales call. As she descended the outside stairs to the Church's custodial office, appellant lost her balance and fell to the ground. Appellant claims her accident was caused by chips in the bottom two stairs, and that poor illumination contributed to her fall.
On January 24, 1997, appellant filed a complaint against the Church, Catholic Diocese of Cleveland, and ten unknown defendants. On April 9, 1998, the parties stipulated: (1) the Church was the proper party defendant; and (2) that no other parties exercised possession or control of the subject premises. Therefore, Catholic Diocese of Cleveland was voluntarily dismissed from the underlying case.
On July 24. 1998, the Bureau of Workers' Compensation filed a motion to intervene. In its intervening complaint, the Bureau claimed that it paid $28,590.24 for medical services and related compensation as a result of the accident and, therefore, the Bureau averred a subrogation interest in the underlying case.
On March 15, 1999, the Church filed a motion for summary judgment. In a journal entry filed on May 21, 1999, the trial court found appellant's "status to be that of licensee" and, therefor, granted the Church's motion for summary judgment. On June 14, 1999, appellant instituted this appeal.
 II.
In her first assignment of error, appellant claims the trial court erred in granting the Church's motion for summary judgment. In particular, appellant insists she was an invitee on the Church's property when she was injured and, therefore, the trial court erred in finding her "* * * status to be that of licensee."
Civ.R. 56 (C) provides that summary judgment is proper if the trial court determines that: "`(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" Hannah v. Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 485, quoting Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317.
The status of the person who enters upon the land of another, trespasser, licensee or invitee, defines the scope of the legal duty that the landowner owes the entrant. See Gladon v. GreaterCleveland Regional Transit Auth. (1996), 75 Ohio St.3d 312, 315. The Supreme Court of Ohio set forth the distinction between an invitee and a licensee in Light v. Ohio University (1986), 28 Ohio St.3d 66,68, wherein the court stated:
 Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner. Scheibel v. Lipton (1951), 156 Ohio St. 308, 102 N.E.2d 453 [46 O.O. 177]. It is the duty of the owner of the premises to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. Presley v. Norwood (1973), 36 Ohio St.2d 29, 31, 303 N.E.2d 81 [65 O.O.2d 129]. Conversely, a person who enters the premises of another by permission or acquiescence, for his own pleasure or benefit, and not by invitation, is a licensee. A licensee takes his license subject to its attendant perils and risks. The licensor is not liable for ordinary negligence and owes the licensee no duty except to refrain from wantonly or willfully causing injury. Hannan v. Ehrlich (1921), 102 Ohio St. 176, 131 [502 N.E.2d 614] N.E. 504, paragraph four of the syllabus; see Scheurer v. Trustees of the Open Bible Church (1963), 175 Ohio St. 163, 192 N.E.2d 38 [23 O.O.2d 453]
Initially, we note that "* * * the legal status of a party is a question of law and not a question of fact." Kirschnick v.Jilovec (Aug. 31, 1995), Cuyahoga App. No. 68037, unreported, citing Mussivand v. David (1989), 45 Ohio St.3d 314, 318. See alsoWiley v. National Garages, Inc. (1984). 22 Ohio App.3d 57, 62
("[T]he question of whether undisputed facts, essential to the determination of the plaintiff's status, show him to be a licensee or invitee, is a legal question for the court."); Texler v. DiBorally (Oct. 22, 1998), Cuyahoga App. No. 73443, unreported.
In the instant case, appellant, an outside sales representative, went to the Church for her own benefit, viz., to solicit business from the Church. Based upon the facts of this case, appellant was a licensee as a matter of law. Accordingly, appellant's first assignment of error is overruled.
 III.
As for her second assignment of error, appellant contends that the trial court erred in granting the Church's motion for summary judgment; appellant's contention is based upon the standard of ordinary care owed to invitees. However, we have determined that appellant was a licensee as a matter of law. Therefore, the Church was not liable for ordinary negligence and owed appellant no duty except to refrain from wantonly or willfully causing injury. SeeLight v. Ohio University (1986), 28 Ohio St.3d 66, 68.
Appellant has failed to allege that the Church was wanton or willful and, in fact, concedes that she should not prevail if she was a licensee. Based upon the foregoing, the trial court did not err in granting the Church's motion for summary judgment. Appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. and KENNETH A. ROCCO, J. CONCUR.
 ___________________________________ LEO M. SPELLACY JUDGE