OPINION
Appellant, Enzo's of Elm Road, Inc. ("Enzo's"), appeals from the Trumbull County Court of Common Pleas judgment on the verdict entered on December 28, 1998. Enzo's was sued by appellee Richard Burk ("Burk") for breach of an oral contract of employment under the equitable doctrine of promissory estoppel. The jury returned a verdict for $8,000 in favor of Burk.
Enzo's is a family restaurant owned and operated by Enzo and Lina Cantalamessa. Burk had worked for Enzo's for two periods of time prior to the employment period at issue in this case, first as a dishwasher when he was fifteen, and again as a line cook from 1987 to 1989. Burk left Enzo's in 1989 to take a position with an Olive Garden restaurant where he rose to a managerial position by 1995, earning $585 per week. In late July of 1995, Burk had a conversation with Mrs. Cantalamessa about potential employment with Enzo's as its head chef. Burk testified that in the course of this conversation Mrs. Cantalamessa told Burk that if he worked as their head chef that he would have the opportunity to purchase the restaurant when they sold it, three to five years down the road. The Cantalamessa's had previously sold three other restaurants in this manner. Burk testified he was aware that they had done so. Burk told Mrs. Cantalamessa he would need to think her offer over.
Burk and Mrs. Cantalamessa met again a week later. The testimony conflicts as to what was discussed at this meeting. No one else was present for this conversation. During this conversation, various terms of the relationship were discussed, including what the Cantalamessa's expected from the head chef, how much control he would have, and how much he would be paid. Burk testified that the opportunity to buy the restaurant in three to five years was discussed. Mrs. Cantalamessa claimed it was never discussed. Burk again wanted time to think the offer over.
A third meeting was held within the week. Burk's fiancee, Roberta England, was present at this meeting. Again the topic of discussion was Burk's potential employment. Again the testimony conflicted, with Mrs. Cantalamessa denying that an offer to buy the restaurant was discussed, and Burk and England testifying that an offer was discussed. England also testified that Burk had discussed the offer to buy out the restaurant with her after the previous meetings, and that the two of them would run the restaurant together. Two other witnesses testified on Burk's behalf that they had discussions with Burk before he took the job with Enzo's about the offer, and both indicated he discussed with them the opportunity to buy the restaurant within five years.Burk began working for Enzo's in September of 1995 as the head chef, earning $800 per week. There was no written contract. The terms of his employment were based on the oral agreement he made with Mrs. Cantalamessa. He testified that he left his position at Olive Garden because he understood he was promised employment for a three to five year period, at the end of which he would have the opportunity to buy the restaurant. Burk admitted under cross-examination that he was never guaranteed employment, nor that Mrs. Cantalamessa ever specifically stated "I promise you employment" for the three to five year period, but rather that the promise of employment was implicit in the offer to buy her out.
Burk's employment was terminated on November 15, 1995. The testimony conflicted as to the reason for the termination. Enzo's claimed it was because he did his job poorly, and did not work the hours he had agreed to work. Enzo's claimed to have discussed with Burk its dissatisfaction with his performance a couple times, but Burk's performance did not improve. Burk testified that Mr. Cantalamessa had come up to him at the end of the day and simply said that they could not afford to pay him anymore. Burk claimed that Mr. Cantalamessa was unhappy with how much money Mrs. Cantalamessa had agreed to pay him. Burk found another job on January 28, 1996.
On March 13, 1998, Burk filed suit for breach of their oral contract under the doctrine of promissory estoppel. Enzo's filed a motion for summary judgment five days prior to the trial date, and Burk filed a corresponding motion to strike. The court never directly addressed the motion, but it was denied, as the trial went forward as scheduled, on December 16, 1998. On December 17th, the jury returned a verdict in favor of Burk against Enzo's, and in favor of defendants Mr. Cantalamessa and Mrs. Cantalamessa. From this judgment, Enzo's timely filed notice of appeal, assigning the following three errors:
 [1]. "The trial court erred to the prejudice of defendant-appellant in overruling his motion for a directed verdict made at the close of plaintiff-appellee's case in chief.
 [2]. "The trial court erred as a matter of law to the prejudice of defendant-appellant in refusing to instruct the jury as defendant-appellant proposed.
 [3]. "The decision of the trial court is against the manifest weight of the evidence and the court below erred in holding that plaintiff-appellee was entitled to $8,000 in damages from a breach of a continued employment contract."
With respect to the first assignment of error, when a defendant makes a motion for a directed verdict at the conclusion of the plaintiff's case and it is overruled, the defendant must renew his motion for a directed verdict at the conclusion of all the evidence in order to preserve the issue for appeal. Helmick v. Republic-Franklin Ins. Co. (1988),39 Ohio St.3d 71, paragraph one of syllabus. In the instant case, Enzo's failed to renew its motion for a directed verdict at the conclusion of all evidence and consequently its first assignment of error is without merit on that basis alone. However, had it renewed the motion, the assignment is still without merit.
As this court stated in Darroch v. Smythe, Cramer Co. (Apr. 3, 1998), Lake App. No. 96-L-212, unreported, at 6-7:
 "[A] trial court may not grant a directed verdict unless the evidence, when construed in the light most favorable to the nonmoving party, leads reasonable minds to only one conclusion, and the conclusion is adverse to the nonmovant. Civ.R. 50(A), therefore, requires the trial court to give the nonmoving party the benefit of all reasonable inferences that may be drawn from the evidence. Broz v. Winland (1994), 68 Ohio St.3d 521, 526; Keeton v. Telemedia Co. of S. Ohio (1994), 98 Ohio App.3d 405, 408. If there is sufficient credible evidence to permit reasonable minds to reach different conclusions on an essential issue, then the trial court must submit that issue to the jury. O'Day v. Webb (1972), 29 Ohio St.2d 215, paragraph four of the syllabus; * * *."
Enzo's argues that no specific promise of a term of employment was ever made to Burk. Enzo's argues that, assuming an offer to purchase the restaurant in five years was made, that offer constituted a future opportunity and, in the absence of specific promise of a term of employment, a future opportunity does not, as a matter of law, support the promissory estoppel exception to the employment-at-will doctrine. Enzo's cites Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph two of syllabus, in support of this proposition.
Wing, however, addresses itself to a continuing employment situation. The plaintiff in Wing had already been determined to be an at-will employee and sought to alter that status using the promissory estoppel exception to employment-at-will based upon the company's alleged promise to him that at some point in time he would have the opportunity to buy stock in the company. Burk was not a current employee. Burk claims to have been induced to accept employment based on the promise of a term of employment implicit in the offer to buy the restaurant in three to five years time. The promissory estoppel exception to the employment-at-will doctrine holds that a promise which the promisor should reasonably expect to induce action on the part of the promisee and which does induce such action is binding if injustice can be avoided only by enforcement of the promise. Mers v. Dispatch Printing Co. (1985), 19 Ohio St.3d 100, 104. Giving Burk the benefit of all reasonable inferences which can be drawn from the evidence, there is a question as to whether a promise of a term of employment was made which induced him to accept employment with Enzo's. Therefore, the trial court correctly allowed the case to go to the jury.
Additionally, evidence regarding the proposed sale of the business to Burk was introduced to the jury through Burk's testimony. The Statute of Frauds, R.C. 1335.05 specifically holds that a contract for the " sale of lands " to be enforceable, must be in writing. Thus, the evidence demonstrating oral representations, standing alone, concerning the proposed sale of the business was improper. However, the jury was never asked to evaluate the business sale issue and there was no jury instruction going to that question. Therefore, the record is clear their deliberations dealt only with the employment issue, and the error was harmless. Enzo's first assignment of error is without merit.
Addressing the second assignment of error, Enzo's did not file its proposed jury instruction with the court in accordance with Civ.R. 51(A). A party whose request for jury instructions fails to comply with Civ.R. 51(A) generally waives his right to question the trial court's charge upon appeal. Presley v. Norwood (1973), 36 Ohio St.2d 29, paragraph two of syllabus. It is essential that a party file proposed jury instructions with the court, making them part of the record. However, even if no objection is made to a jury instruction when it should have been, an appellate court can still reverse if it finds plain error. State v.Getsy (1993), 84 Ohio St.3d 180, 196; State v. Holley (Dec. 17, 1999), Ashtabula App. No. 98-A-0089, unreported, at 19. Thus, we will review the assignment of error under that standard.
In the case sub judice, Enzo's claims that the trial court's instruction regarding promissory estoppel was incorrect. The instruction stated:
 "Promissory Estoppel. The plaintiff claims that the defendant made a promise that the plaintiff would be employed at $800 per week for a specific period of time upon which the plaintiff relied, and the defendant should be bound even if no contract was made between them. You will find for the plaintiff if you find by a greater weight of the evidence that: Number one, the defendant promised that he would employ plaintiff for a certain specific period of time; and the defendant knew or should have known that the plaintiff would act in reliance upon the promise; and the plaintiff did act in accepting the employment from the defendants in reasonable reliance on the defendants promise; and that the plaintiff's act was harmful to him; and that injustice would result if defendant's promise is not enforced.
 "Now if the parties' actions taken together as making up the contract, when reasonably interpreted in light of all the circumstances, do not enable you, the trier of fact, to determine what the agreement is and to enforce it without, in effect, making a contract for the parties, no enforceable obligation results.
 "Now a promise of future benefits or opportunities without a specific promise of continued employment does not support a Promissory Estoppel exception to the employment-at-will doctrine and cannot specifically be relied upon as such. If you find that the alleged promise made by the defendants was a future benefit or opportunity and you find there was no specific promise of continued employment for the plaintiff, then you must find the employment relationship between the parties was at will."
It is clear that this instruction came directly from the Ohio Jury Instructions and is a correct statement of the law. 3 Ohio Jury Instructions (2000), Section 302.01, at 16. Thus, the instruction given to the jury in this case does not amount to plain error. Enzo's second assignment of error is without merit.
In Enzo's third assignment of error, it argues that the judgment was against the manifest weight of the evidence. Its argument is twofold. Addressing the second part first, Enzo's argues that Burk was not entitled to any damages as a result of his termination because his employment was "at will." This argument begs the question because it presumes Burk's employment was at will. Damages would not be an issue had the jury reached that conclusion, but they did not. Enzo's argument that the jury's conclusion was against the manifest weight of the evidence parallels his argument in support of a directed verdict. Enzo's argues there was no contract for a definite period of employment because Mrs. Cantalamessa never stated "I promise you" employment for three to five years. In the absence of the specific promise, Enzo's again cites Wing
for the proposition that, as a matter of law, the offer of a future opportunity does not support the promissory estoppel exception to the employment-at-will doctrine. It concludes that because Burk's testimony and evidence never set forth a specific and explicit verbal promise, that under the law as established in Wing, the jury's conclusion was necessarily against the manifest weight of the evidence.
As previously indicated, the question of whether or not Mrs. Cantalamessa's representations to Burk at their three meetings prior to his employment constituted a promise of a definite term of employment was a question properly before the jury. The standard of review for manifest weight of the evidence arguments is discussed in State ex rel. Pizza v.Strope (1990), 54 Ohio St.3d 41, wherein the court stated:
 "`The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. The interplay between the presumption of correctness and the ability of an appellate court to reverse a trial court decision based on the manifest weight of the evidence was succinctly set forth in the holding of this court in C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279 [, syllabus] * * *:
 "`"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."'" Id. at 46.
Aside from his own testimony, Burk put on three witnesses, and a fourth by way of deposition read into the record, who offered some testimony relevant to the issue of whether a promise of a term of employment was made. Mr. and Mrs. Cantalamessa both testified as well. The jury had the opportunity to hear and observe all these witnesses, and to measure their credibility. The jury concluded a promise of a term of employment was made. It appears the jury determined that Burk was unemployed for a period of ten weeks due to the dismissal by Enzo's and, at $800 per week, he was entitled to recover $8,000. There was competent, credible evidence before the jury providing a basis for their decision. We will not reverse the verdict as being against the manifest weight of the evidence. Enzo's third assignment of error is without merit.
 _________________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J., concurs in judgment only, MILLIGAN, J., Ret., Fifth Appellate District, sitting by assignment, concurs.