OPINION
{¶ 1} Appellant, Charles Radford, et al. ("Radford"), appeals the April 30, 2004 judgment entry of the Common Pleas Court of Mercer County granting summary judgment in favor of appellees, Jeffrey Monfort, ("Monfort"), d.b.a. McDonald's Restaurant and Tom Burden ("Burden"), of Burden Construction. Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} The action was originally commenced when Radford filed a complaint on June 7, 2001 alleging, among other things, that he was severely injured on the sidewalk outside a McDonald's Restaurant in Celina, Ohio. The McDonald's Restaurant was owned by Monfort. As Radford exited the restaurant on September 29, 1999, he slipped and fell on the rain-soaked sidewalk. The complaint was later amended to include Burden for the faulty construction of the sidewalk.
 {¶ 3} Radford hired Richard Hicks ("Hicks"), a civil engineer and licensed surveyor, as an expert to determine whether the walkway outside the McDonald's restaurant was safe. On September 27, 2000, Hicks visited the McDonald's restaurant location in Celina, Ohio and conducted tests to determine the level of safety of the walkway. In particular, Hicks used a Mark II machine to test the coefficient of friction of the sidewalk in both dry and wet conditions. Hicks used a neolite pad when performing the tests based on his understanding that the leather pad is no longer standard when it becomes wet and that the neolite pad is more similar to the shoes worn by Radford. The tests using the neolite pad indicated that the sidewalk outside the McDonald's restaurant lost between 20 and 31 percent of its slip resistance when wet at the various locations that were tested. The required safety coefficient of friction for the type of walking surface at issue is 0.50. The result of Hicks' test results for the coefficient of friction on the dry walkway was 0.57. The additional tests conducted by Hicks, in which he took into account the slope of the handicap-access ramp and the fact that the walkway was wet at the time of the fall, produced a coefficient of friction of 0.476. In his deposition, Hicks rendered the opinion that the sidewalk was dangerously slippery when wet and that its construction did not comply with reasonable standards and building codes for safe walkways. Hicks opined that the dangerous condition caused Radford's fall.
 {¶ 4} Monfort and Burden both filed motions to exclude Hicks' testimony. The transcript of Hicks' testimony was filed with the court on September 12, 2003. On February 12, 2003, Monfort filed a motion for summary judgment. In its April 30, 2004 decision, the trial court determined that that testing method used by Hicks was not admissible under Evid.R. 702 and the standards set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc. (1993),509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469, and excluded the testimony. Burden then filed a motion for summary judgment on July 31, 2003. The trial court granted summary judgment in favor of Monfort and Burden on April 30, 2004. It is from this judgment that Radford now appeals asserting the following two assignments of error.
The trial court erred in excluding Richard Hicks' testimonybecause it is admissible under Daubert and Rule of Evidence702.
 The trial court should not have excluded Mr. Hicks' testimonyand, as such, summary judgment was improper.
 {¶ 5} In the first assignment of error, Radford argues that the trial court erred in excluding the testimony of Richard Hicks. The determination of whether a witness is qualified to testify as an expert lies within the sound discretion of the trial court. Bishop v. Ohio Bur. of Workers' Comp.,146 Ohio App.3d 772, 781, 2001-Ohio-4274, 768 N.E.2d 684. This court will not disturb the trial court's decision unless the court abused its discretion. Id. An abuse of discretion connotes more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 6} Preliminary questions concerning the qualification of a person to be a witness and the admissibility of evidence are to be determined by the court at the outset. Evid.R. 104(a). In making these determinations the trial court is not bound by the rules of evidence except those with respect to privileges. Id.
 {¶ 7} Monfort's and Burden's objections to the admissibility of Hick's testimony centered on the argument that Hicks' procedure for determining that the coefficient of friction for the handicap-access ramp and wet conditions was not based upon reliable, scientific, technical, and other specialized information, as required by Evid.R. 702(C). Evid.R. 702 specifically governs testimony by experts and provides, in pertinent part, as follows:
A witness may testify as an expert if all of the followingapply:
 (A) * * *
 (B) * * *
 (C) The witness' testimony is based on reliable scientific,technical, or other specialized information. To the extent thatthe testimony reports the result of a procedure, test, orexperiment, the testimony is reliable only if all of thefollowing apply:
 (1) The theory upon which the procedure, test, or experimentis based is objectively verifiable or is validly derived fromwidely accepted knowledge, facts, or principles;
 (2) The design of the procedure, test, or experiment reliablyimplements the theory;
 (3) The particular procedure, test, or experiment wasconducted in a way that will yield an accurate result.
 {¶ 8} The Ohio Supreme Court in Miller v. Bike AthleticCo., 80 Ohio St.3d 607, 1998-Ohio-178, 687 N.E. 735, designated the following four factors to be considered in evaluating the reliability of scientific evidence: (1) whether the theory or technique has been tested; (2) whether it has been subjected to peer review; (3) whether there is a known or potential rate of error; and (4) whether the methodology has gained general acceptance. These factors were adopted from Daubert,509 U.S. at 593-594. Both the United States and Ohio Supreme Courts have emphasized that none of these factors is a determinative prerequisite to admissibility. Daubert, 509 U.S. at 593;Miller, 80 Ohio St.3d at 612-613. "Thus, a trial court's role in determining whether an expert's testimony is admissible under Evid.R. 702(C) focuses on whether the opinion is based upon scientifically valid principles, not whether the expert's conclusions are correct or whether the testimony satisfies the proponent's burden of proof at trial." Miller,80 Ohio St.3d at 613-614.
 {¶ 9} The nationally accepted standard for slip resistance on a walking surface is set forth in Underwriter's Laboratories and American Society of Testing Materials Guidelines. These guidelines were relied upon by Hicks in reaching his conclusions and opinions. Specifically, section 4.1.1 of the guidelines provides that a walking surface must have a coefficient of friction equal to or greater than 0.50. Therefore, in order for Radford to establish that Monfort and Burden violated their duties of care to Radford in the construction and maintenance of the surface of the walkway, Radford had to prove by a preponderance of the evidence that the static coefficient of friction for the surface of the walkway was below the nationally recognized standard of 0.50. See Presley v. Norwood (1973),36 Ohio St.2d 29, 303 N.E.2d 81.
 {¶ 10} Hicks' testimony provided that when the static coefficient of friction for the surface of the walkway was measured on a level, dry surface the result of the test was in excess of 0.50. While Hicks measured the coefficient of friction in accordance with the guidelines, he then deviated from the recognized procedures when he factored in the degree of the slope on the walking surface. This procedure used by Hicks is not set forth in the guidelines and it was not presented to the court that this procedure was set forth in any other recognized industry standard. Therefore, the trial court did not abuse its discretion in excluding the expert testimony when it was determined that Hicks had not based his opinion on a reliable method or industry standard. Accordingly, the first assignment of error is overruled.
 {¶ 11} In his second assignment of error, Radford argues that the trial court erred in granting summary judgment due to the improper exclusion of Hicks' testimony. Since we have determined that the trial court properly excluded Hicks' testimony, we will review whether summary judgment was proper based on the evidence properly before the trial court.
 {¶ 12} The standard for review of a grant of summary judgment is one of de novo review. Lorain Nat'l Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Thus, such a grant will be affirmed only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, "summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor." Id.
 {¶ 13} The moving party may make his motion for summary judgment in his favor "with or without supporting affidavits[.]" Civ.R. 56(B). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, syllabus, 526 N.E.2d 798. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmovant. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 360, 1992-Ohio-95,604 N.E.2d 138. Once the moving party demonstrates that he is entitled to summary judgment, the burden then shifts to the non-moving party to show why summary judgment in favor of the moving party should not be granted. See Civ.R. 56(E). In fact, "[i]f he does not so respond, summary judgment, if appropriate, shall be entered against him." Id.
 {¶ 14} Without Hicks' testimony that the walkway outside of the McDonald's restaurant in Celina, Ohio was unreasonably dangerous and contributed to the fall and injury of Radford, no genuine issues of material fact remained with regard to whether Monfort and Burden violated a duty of care owed by them to Radford. Instead, the evidence established that the proximate cause of Radford's fall was not due to the acts or omissions of Monfort or Burden. Even considering Hicks' testimony yields the same result since the tests conducted by Hicks in accordance with the nationally recognized standard showed the walking surface exceeded the recognized standard for slip resistance. Accordingly, Monfort and Burden were entitled to summary judgment as a matter of law. Radford's second assignment of error is overruled.
 {¶ 15} Having found no merit with the assignments of error, the judgment of the Common Pleas Court of Mercer County is affirmed.
Judgment Affirmed.
 Cupp and Rogers, J.J., concur.