OPINION
{¶ 1} Plaintiff-appellant Karen Humerick appeals from a summary judgment rendered against her on her claim for damages resulting from a slip-and-fall accident at *Page 2 
the Dayton Mall. Humerick contends that the trial court erred in rendering summary judgment against her because the record demonstrates the existence of a genuine issue of material fact with regard to whether employees of the Mall knew, or should have known, of the presence of a foreign substance on the Mall floor.
 {¶ 2} We conclude that Humerick failed to present evidence to support her claim that either the Mall or its employees had constructive knowledge of the spill on the floor. Accordingly, we conclude that the trial court did not err in rendering summary judgment against her.
 I {¶ 3} Karen Humerick was injured when she slipped and fell while shopping at the Dayton Mall. Humerick's fall occurred on the public concourse on the main level of the mall. The evidence in the record supports a finding that the fall was caused by a foreign substance on the floor described as a pink "smoothie" drink.
 {¶ 4} Humerick filed a complaint for damages against the Mall, the Mall property owner (Glimcher Realty Trust Company), and the Mall's cleaning contractor (Interstate Cleaning Company). The defendants filed motions for summary judgment, contending that there was no evidence that they or their employees had placed the substance on the floor, and that the evidence did not support a finding that they had actual or constructive knowledge of the existence of the substance. Humerick filed a motion in opposition, in which she argued that the evidence supported a finding, based upon affidavits of the Mall's housekeeping staff, that the Mall should have known about the substance. *Page 3 
 {¶ 5} Humerick's deposition was submitted as evidence. Humerick testified that after the fall, she and her boyfriend observed a pink substance on the bottom of her shoe. She further testified that two "smoothie" vendors were located several hundred feet away from the location of the accident.
 {¶ 6} Humerick also submitted the affidavit of Clifford Deal. Deal, an employee of Interstate, was on duty as the temporary supervisor of the housekeeping staff at the time of the accident. In his affidavit, he averred that there were only three housekeeping employees on duty on that date, and that one of the employees was specifically assigned to perform all of the housekeeping services on the main level. He averred that the main level housekeeper was required to walk the main level perimeter to inspect for, and clean and remove, any debris or spills. This employee was also required to conduct a check of the restroom facilities. The employee was to perform the walking inspection of the entire main level concourse and restrooms every thirty minutes.
 {¶ 7} Humerick also filed the affidavit of Dorothy Deal, who averred that she was the Interstate employee on duty on the main level at the time of the accident. In her affidavit, Ms. Deal averred that she was required to "walk the perimeter of the Mall from end to end on the outside of all of the anchor stores and to conduct a restroom check all within a thirty minute period. Each restroom check had to be logged to insure that the [housekeeping staff] were keeping with the thirty minute schedule." She further averred that she had been "dispatched to clean up a wet spill" where the fall had occurred, and that "it could have been at least 30 minutes since she had last inspected the floor in the area."
 {¶ 8} The trial court rendered summary judgment against Humerick finding that *Page 4 
she had failed to present any evidence to demonstrate that the Mall or its employees had actual, or constructive, knowledge that the substance was on the floor. Specifically, the trial court stated that "noting that the spill could have occurred at any time during the [porter's] thirty minute round does not provide the court with evidence that Defendants should have been on constructive notice of the spill. After all, the spill could have been in existence for thirty seconds or thirty minutes. The jury would be required to guess or speculate as to how long the spill was actually present, which is impermissible under Ohio law."
 {¶ 9} From the summary judgment against her, Humerick appeals.
 II {¶ 10} Humerick's sole assignment of error is as follows:
 {¶ 11} "THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST OVER WHICH REASONABLE MINDS COULD DIFFER AS TO WHETHER APPELLEES HAD CONSTRUCTIVE NOTICE OF THE HAZARD WHICH CAUSED APPELLANT'S FALL."
 {¶ 12} "Pursuant to Civil Rule 56(C), summary judgment is proper if: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Wilcox v. Paygro Co., Inc., Clark App. No. 2006 *Page 5 
CA 10, 2007-Ohio-315, ¶ 19. "To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Id. "The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve." Id.
 {¶ 13} There is no dispute that Humerick was a business invitee of the Mall. Therefore, the Mall owed her a duty of ordinary care to maintain the premises in a reasonably safe condition. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203. To hold a business owner liable for a slip-and-fall injury caused by a foreign substance found on the floor, a plaintiff must demonstrate that the owner or his agent was responsible for the substance being on the floor; or that the defendant knew of the substance on the floor and failed to remove it; or that the substance was on the floor for a sufficiently long time that the defendant should have known about it and removed it. Orndorff v. Aldi,Inc. (1996), 115 Ohio App.3d 632, 635-36.
 {¶ 14} "If a plaintiff cannot show that a defendant had actual knowledge of an existent hazard, evidence as to the length of time the hazard had existed is necessary to support an inference that defendant had constructive notice." Presley v. Norwood (1973), 36 Ohio St.2d 29,32. "In order to support such an inference, the jury must be presented with evidence sufficient to indicate that a dangerous condition has `* * * existed for a sufficient time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care'." Id., citations omitted. With respect to the issue of constructive notice, a jury may not speculate; there must be some identification of the subject as having been on the floor prior to the fall for *Page 6 
a sufficient period of time. Behnke v. BC Tavern (Dec. 14, 1995), Cuyahoga App. No. 68975, *2.
 {¶ 15} Here there is no evidence that the Mall was responsible for the substance being on the floor or that it had actual knowledge of the existence of the substance. Humerick argues that the Mall should be charged with constructive knowledge of the existence of the substance. She argues that because the spill could have occurred at any time during the thirty-minute inspection circuit by the housekeeping staff, the trial court should have construed the evidence as supporting a finding that the substance had been on the floor for twenty-nine minutes. In support, she cites evidence presented by the housekeeping staff indicating that it was difficult for one person to inspect the entire main floor within a thirty-minute period and that expecting one person to accomplish the task was unreasonable. She also cites Schon v.National Tea Co. (1971), 28 Ohio App. 2d 29, for the proposition that an issue of fact is demonstrated when there is evidence that a hazard could be detected by more frequent inspections.
 {¶ 16} In Schon, the defendant store had a produce section where the produce was kept in open bins and sold on a "self-service basis." Id. At some point, a store patron slipped on some produce that had fallen on the floor. In reversing the trial court's grant of a directed verdict in favor of the defendant store, the Seventh District Court of Appeals held that the "vigilance of a storekeeper in keeping his floor clean must be commensurate with the risk involved, depending upon the size and traffic of the particular store in question." Id. at paragraph three of the syllabus.
 {¶ 17} We find Schon distinguishable from the case before us because it involved direct testimonial evidence that the substance involved in the accident had been on the *Page 7 
floor for at least fifteen to twenty minutes. Id. at 52-53. In this case, although the housekeeping staff indicated that it was difficult to survey the entire main level in a thirty-minute period, there is no evidence that they failed to do so. Furthermore, the staff did not provide any testimony or evidence to indicate the length of time between the last sweep of the area where the substance was spilled and the actual accident. Instead, the housekeeper on duty merely stated in her affidavit that it "could have been at least 30 minutes since she had last inspected the floor in the area of the wet spill." As the trial court noted, "the spill could have been in existence for thirty seconds or thirty minutes." We find this evidence insufficient to create an issue of fact; it would require the jury to render a verdict based on a guess. In other words, mere speculation cannot substitute for evidence that Humerick has the burden of producing.
 {¶ 18} We conclude that no genuine issue of material fact exists for trial, because Humerick has failed to establish that the Mall had constructive notice of a substance being on the floor. Therefore, we conclude that Humerick has failed to demonstrate the existence of genuine issues of material fact regarding the Mall's alleged lack of ordinary care. Thus we find that the trial court did not err by rendering summary judgment against Humerick.
 {¶ 19} Humerick's sole assignment of error is overruled.
 III {¶ 20} Humerick's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 BROGAN, and GRADY, JJ., concur. *Page 1