DECISION *Page 2 
{¶ 1} In one assignment of error, Sherrill and Roger Bruckner appeal the trial court's granting of summary judgment in favor of Proscan Imaging ("Proscan"). For the following reasons, we reverse.
 {¶ 2} Proscan is a business that offers various medical services. Sherrill Bruckner went to Proscan for an MRI. There, she was shown to a dressing room and asked to change into a gown. As Bruckner sat down on the dressing-room bench to untie her shoes, the bench broke, causing her to fall. Bruckner claimed that she was seriously injured as a result.
 {¶ 3} The Bruckners sued Proscan for negligence and for loss of consortium arising from Proscan's negligence. Proscan moved for summary judgment, claiming that because it did not have notice that the bench might have been unsafe, it had not breached a duty to Sherrill Bruckner. The Bruckners responded, in part, that Proscan or its agent had constructed the bench at issue, and therefore that notice of the defect could be presumed. The trial court granted Proscan's motion and entered judgment in its favor.
 {¶ 4} We review the trial court's judgment de novo.[1] Summary judgment is appropriate only if (1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party.[2] *Page 3 
 {¶ 5} To establish actionable negligence, a plaintiff must show the existence of a duty, a breach of that duty, and injury proximately resulting from the breach.[3] Here, it is not disputed that Sherrill Bruckner was Proscan's business invitee.[4] Proscan therefore owed her a duty of "ordinary care" to ensure her safety while she was on Proscan's premises.[5] Both parties' arguments on appeal center on whether Proscan had breached its duty to Sherrill Bruckner. And in this regard, the Bruckners and Proscan argue the wrong law. The parties each take issue with whether the evidence demonstrated that Proscan knew or should have known about any defect in the bench — and therefore whether Proscan had breached its duty to repair it or to warn Bruckner of it.[6] But the issue of "notice" was irrelevant. This is because "one who created the condition is presumed to know what it created."[7] And the Bruckners presented sworn testimony that Proscan or its agent had constructed the bench. This was sufficient to establish a material issue of fact as to whether Proscan had breached its duty to Sherill Bruckner.
 {¶ 6} The case cited by Proscan in support of its "notice" argument,Fant v. Copeland,[8] presents a somewhat similar fact pattern to the present case and holds that a business owner must have notice of a hazardous condition before a duty to warn about or to repair the condition exists. But Fant is a judgment entry. It has no precedential value and therefore should not have been cited.[9] Whether a business had actual or *Page 4 
constructive notice of a defect is ordinarily only relevant in instances where a third party created the allegedly hazardous condition.[10] This is not such a case.
 {¶ 7} In sum, because the issue of "lack of notice" was immaterial on the record presented, Proscan failed to demonstrate the absence of a genuine issue of material fact on any element of the Bruckners' claims. Summary judgment was improper.
 {¶ 8} We sustain the Bruckners' sole assignment of error. The judgment of the trial court is reversed. This case is remanded for further proceedings consistent with this decision.
Judgment reversed and cause remanded.
PAINTER, P. J., and DINKELACKER, J., concur.
[1] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241.
[2] Civ.R. 56; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267; see, also, Dresher v. Burt, 75 Ohio St.3d 280, 292,1996-Ohio-107, 662 N.E.2d 264.
[3] Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285,423 N.E.2d 467.
[4] See Provencher v. Ohio Dept. of Transportation (1990),49 Ohio St.3d 265, 265-266, 551 N.E.2d 1257.
[5] Presley v. Norwood (1973), 36 Ohio St.2d 29, 31, 303 N.E.2d 81;Rogers v. Sears, Roebuck and Co., 1st Dist. No. C-010707, 2002-Ohio-3304, at ¶ 3.
[6] See id.
[7] Cione v. K-Mart Corp. (May 8, 1998), 1st Dist. No. C-970475, citing Crane v. Lakewood Hosp. (1995), 103 Ohio App.3d 129, 136,658 N.E.2d 1088.
[8] (Jan. 22, 2003), 1st Dist. No. C-020347.
[9] See S.Ct.R.Rep.Op. 3(A) and 4(B).
[10] See Presley, supra, at 83, 1996-Ohio-107, 662 N.E.2d 267;Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, 589,49 N.E.2d 925. *Page 1