OPINION
{¶ 1} Sandra and Elliott Turner appeal from the judgment of the Clark County *Page 2 
Common Pleas Court in favor of The Springfield Inn (hereinafter the "Inn"). This matter began when the Turners filed a complaint against the Inn contending that she was injured on April 10, 2003 when she tripped over an unsecured mat at the side entrance to the Inn. Mr. Turner sought damages for loss of consortium. The Inn answered and denied liability for Ms. Turner's injuries.
 {¶ 2} The Inn then moved for summary judgment contending that it owed no duty to Ms. Turner because the floor mat was an open and obvious danger. In support of its motion, the Inn filed a copy of the deposition of Ms. Turner. In the deposition, Ms. Turner testified that on the night she fell, she and her husband were attending a United Way dinner at the Inn. She testified she had been at the Inn on many occasions. (T. 14). She testified she entered the side door of the Inn and just before she opened the glass door, she saw a woman ahead of her stumble over something. She testified she usually entered and exited the Inn from entrances other than the side door. She testified she had some difficulty opening the door because the wind was blowing, so she used her left hand to hold the door and then stepped inside the Inn's alcove leading to another door. Ms. Turner then testified as follows:
 {¶ 3} "Q. So you've got one foot on one side of the threshold and one foot on the other side of the threshold, is that correct?
 {¶ 4} "A. Right.
 {¶ 5} "Q. Okay.
 {¶ 6} "A. As I stepped in and I was holding — holding the door so it would not slam, you know, and hit me.
 {¶ 7} "Q. Okay. Do you recall which hand you were holding the door in? *Page 3 
 {¶ 8} "A. I think the door opens this way, I was holding the door with this hand.
 {¶ 9} "Q. Let the record reflect she is saying her left hand?
 {¶ 10} "A. My left hand and I stepped into the door and so I could — I could have been looking, looking down to see where I was putting my feet.
 {¶ 11} "Q. Okay. So you're looking down?
 {¶ 12} "A And when I got my other foot over, that's when I tripped over the carpet that was up.
 {¶ 13} "Q. Okay. Here's my question, when you were looking down, did you see the wind blow the carpet up?
 {¶ 14} "A. Yes.
 {¶ 15} "Q. Okay. And then you stepped to avoid that carpet that had lifted up; is that correct?
 {¶ 16} "A. No, when the carpet — when the carpet moved, that's when I was bringing my other foot in and that's when I tripped.
 {¶ 17} "Q. Okay.
 {¶ 18} "A. It happened — it happened so fast that I couldn't break my fall.
 {¶ 19} "Q. Okay. Were you still holding onto the door with your left hand?
 {¶ 20} "A. No.
 {¶ 21} "Q. Where was your left hand at that time?
 {¶ 22} "A. When I tripped, I had stuck both hand out, I was trying to keep myself from falling.
 {¶ 23} "Q. Did you have anything in your hands? *Page 4 
 {¶ 24} "A. No because my purse — today is the only day I brought my purse, I always leave my purse in the car when I go to these function because I have a bad habit of leaving them.
 {¶ 25} "Q. Okay. Thank you for reenacting that. I think that helped everybody.
 {¶ 26} "A. I am — when you put it in — when you ask me in specifics and detail, it's hard to remember exactly the way it was." (Tr. 30-31).
 {¶ 27} Ms. Turner admitted that the lighting inside the hotel was good. (T. 32.) She testified she believed she fell because the wind blew the mat up. (T. 35.) She did not remember whether the mat and the hotel floor were the same color. (T. 34.)
 {¶ 28} In granting summary judgment to the Inn, the trial court gave the following reasons for doing so:
 {¶ 29} "The circumstances Turner encountered in this case are similar to the circumstances surrounding the mats in the open and obvious danger cases above. In fact, reasonable minds could only conclude that when all of the factors are viewed in a light most favorable to Turner, the decision must be the danger was open and obvious and the Inn owes no duty to Turner. The most significant factor in this case is that Turner had notice of the mat, similar to the plaintiff in Brown. As Turner approached the doorway to the Inn, there was a woman ahead of her who had stumbled over the very same mat that she would later allege she tripped over. This fact is undisputed. Turner was on notice to protect herself from such an incident.
 {¶ 30} "Other factors indicate this mat was open and obvious. Turner stated in her deposition that the entranceway where the floor mat was located was well lit. (S. Turner depo. p. 33.) It was also still daylight when the alleged injury occurred and there was *Page 5 
enough lighting that Turner could see where she was going. (S. Turner depo. p. 32.) Although Plaintiff does not recall the floor and mat being different colors, she does agree that she was able to distinguish the mat from the floor. (S. Turner depo. p. 34.) Turner had also been to this place of business several times before, both for United Way dinners and dinners with her husband, and had used the same entranceway. (S. Turner depo. p. 14.) In fact, Turner agreed that a fair statement was that she was `familiar with the Springfield Inn.' (S. Turner depo. p. 14.) Although the wind was blowing at the time Turner opened the door, she admittedly was aware of this adverse weather condition and had difficulty opening the door because of it. (S. Turner depo. p. 37.) The exterior door of the Inn is transparent and Turner was able to see through it to see the other woman trip. (S. Turner depo. p. 28.)
 {¶ 31} "The floor mat was an open and obvious danger that Turner had notice of and had a duty to protect herself from any harm. The open and obvious doctrine alleviates the Inn from the duty of ordinary care owed to a business invitee and bars Turner from any action against the Inn. There are no facts in dispute and reasonable minds can only come to the conclusion that the Springfield Inn owes no duty to the Plaintiff Sandra Turner."
 {¶ 32} In a single assignment of error, Ms. Turner contends the trial court erred in granting the Inn summary judgment because there was no evidence that the danger she encountered upon entering the hotel was open and obvious. She contends that she had no meaningful opportunity to protect herself from tripping over the floor mat when the wind blew it up as she entered the hotel. She notes that although she saw a woman ahead of her stumble over something, she did not see what it was she stumbled over. She argues that the Inn failed to properly secure the mat so that the wind would not dislodge it as she *Page 6 
entered the hotel. The Inn argues that the trial court properly granted it summary judgment because the hallway was well lighted and Ms. Turner was able to distinguish the mat from the floor. The Inn also argues that Ms. Turner admitted she saw the mat flip up from the wind before she tripped over it and she thus failed to protect herself from an open and obvious hazard."
 {¶ 33} Our review of the trial court's decision to grant summary judgment is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel.Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183,677 N.E.2d 343; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 65-66, 375 N.E.2d 46.
 {¶ 34} A business invitee enters another's premises by invitation for a purpose that is beneficial to the owner. Gladon v. Greater ClevelandRegional Transit Auth. (1996), 75 Ohio St.3d 312, 315, 662 N.E.2d 287. The premise's owner owes to an invitee a duty of ordinary care and to protect the invitee by maintaining the premises in a safe condition.Presley v. Norwood (1973), 36 Ohio St.2d 29, 31, 303 N.E.2d 81. The owner must keep the premises in such a condition that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 480 N.E.2d 474. A shopkeeper need not protect a patron from dangers that the *Page 7 
invitee either knows about or "are so obvious and apparent to such invitee that he may be reasonably expected to discover them and protect himself against them." Sidle v. Humphrey (1968), 13 Ohio St.2d 45,233 N.E.2d 589, at paragraph one of the syllabus.
 {¶ 35} Ohio cases addressing invitee's slips and falls on mats have reached differing results on whether the danger was open and obvious. A wrinkle in a mat in a store was found to be open and obvious where the store was brightly lit, nothing obstructed the patron's view, and the patron intentionally stepped on the rug. Wilson v. Big Bears StoresCo. (Apr. 4, 1994), Warren App. No. CA93-09-070, 1994 WL 114319. A floor mat whose corner was curled up was an open and obvious danger where the lobby was well lit and nothing obstructed the patron's view. Smock v.Bob Evans Farms, Inc., Lorain App. No. 02CA008075, 2003-Ohio-832. But, when the room is poorly lit and the mat is the same color as the floor, the danger has not been found to be open and obvious. Miller v. BeerBarrel Saloon (May 24, 1991), Ottawa App. No. 90-OT-050, 1991 WL 87098.
 {¶ 36} In this matter, construing the evidence in a light most favorable to Ms. Turner, we cannot say that reasonable minds could only conclude that the Inn's mat was an open and obvious hazard which Ms. Turner had a duty to avoid. Although Ms. Turner had frequented the Inn on a number of occasions, she seldom used the side entrance involved in her injury. Although she observed a woman ahead of her stumble on something, she did not see what she stumbled over. She testified that entering the Inn at the side door was difficult that day because of the windy conditions which required her to hold the door open with her left hand and quickly enter before the door closed upon her. Also, although she saw the mat just inside the door lift up or move, "that's when I was bringing my other foot in and that is when I tripped." We cannot say that under such conditions, a reasonable jury *Page 8 
could only conclude that the condition of the mat was an open and obvious hazard long enough for Ms. Turner to avoid.
 {¶ 37} Now it may be that the Inn was not negligent for failing to provide a more secure mat at the entrance, but that issue is not presently before us. The trial court erred in entering summary judgment against Ms. Turner and in favor of the Inn on the Inn's defense that it had no duty to Turner because the hazard was open and obvious. The assignment of error is Sustained.
 {¶ 38} The judgment of the trial court is Reversed and Remanded for further proceedings.
FAIN, J. concurs.