OPINION
{¶ 1} Defendant-appellant, Anthony Blanton, appeals his conviction in the Madison County Court of common Pleas for aggravated assault.
 {¶ 2} On September 11, 2004, appellant struck Ricky Marsee in the face with his fist. Marsee fell backwards, hitting his head on a concrete sidewalk. When police arrived on the scene, Marsee was non-responsive. He was taken to the hospital where he was placed in the intensive care unit. Marsee was treated for a laceration to his lip and a traumatic brain injury and was not released until October 1, 2004. At the time of trial, he was still suffering from problems with his memory and speech.
 {¶ 3} Appellant was charged with felonious assault as a result of the incident. After a trial, a jury found him guilty of aggravated assault and he was sentenced accordingly.
 {¶ 4} Appellant now appeals his conviction, raising three assignments of error for our review. Appellant's first assignment of error challenges the trial court's failure to instruct the jury on the lesser included offense of assault. Appellant's second and third assignments of error challenge the sufficiency and manifest weight of the evidence.
 {¶ 5} We begin with appellant's second and third assignments of error, which challenge both the sufficiency and manifest weight of the evidence. Appellant argues these two assignments of error together in his appellate brief and argues there was conflicting testimony, and that it is not reasonable to assume appellant's intent was to knowingly cause serious physical harm.
 {¶ 6} When reviewing a challenge to the sufficiency of the evidence to support a criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis sic.) State v. Hancock,108 Ohio St.3d 57, 2006-Ohio-160, ¶ 34, quoting Jackson v. Virginia
(1979), 443 U.S. 307, 319, 99 S.Ct. 2781.
 {¶ 7} A court considering whether a conviction was against the manifest weight of the evidence must review the entire record, weighing the evidence and all reasonable inferences, and consider the credibility of witnesses. Hancock at ¶ 39. The question is "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." Id., quotingState v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 8} At trial, the state presented testimony from Emily Tong, a neighbor who saw an argument between appellant and Marsee. Tong testified that she was about 15 feet away from the two and saw appellant shove Marsee and Marsee shove back. She testified that appellant then drew back and swung his fist at Marsee, hitting him in the face. She described the punch as a "very vicious punch" with a full windup and stated that appellant jumped towards Marsee as he punched him. Tong testified that Marsee fell straight backwards, hitting his head. She described appellant as the aggressor, not Marsee, and said that appellant ran when the police arrived. Another neighbor testified that she was about 40 feet away and saw one male hit another. She indicated that she only saw one punch.
 {¶ 9} A police officer testified that he was called to a Sunoco gas station about an hour later for a disturbance involving appellant. The officer stated that appellant was extremely upset and very belligerent, yelling at two individuals in the parking lot. He testified that appellant was asked to calm down, but was non-compliant. The two men involved in this incident testified that appellant told them he had already beat one person up earlier in the evening and that he would do it again.
 {¶ 10} Another police officer testified that he investigated the incident involving Marsee and interviewed appellant the next morning. He stated that appellant first denied being involved in the altercation. The officer testified that appellant later admitted hitting Marsee, but stated that he did not mean to hurt him. The officer indicated that appellant told him Marsee was drunk and "running his mouth about beating different people up." The officer stated that appellant did not mention anything about Marsee threatening others.
 {¶ 11} Dr. Henry Leimbach testified that Marsee had a left frontal lobe contusion, which he described as a bruise and a little blood clot on the surface of the brain. He indicated Marsee also had to have sutures to a laceration of his lip. The physician stated that at a follow-up visit in late October, Marsee had post-concussion syndrome and suffered from speech and cognitive functioning problems. Marsee's girlfriend, Jamie Johnson, testified that after the injury, Marsee could not remember anything, could not talk, and could barely walk and had to learn to do these things again. She stated that his words still get mixed up when he talks.
 {¶ 12} Appellant presented testimony at trial to show the events prior to and involving the punch. Appellant's wife testified that Marsee and appellant were inside an apartment arguing, and went outside to smoke. She stated that she turned around to check on her baby and when she turned back around, Marsee was on the ground. She testified that Marsee had been saying that his girlfriend was going to beat up appellant's sister, Lashawnda.
 {¶ 13} Lashawnda Blanton testified that Marsee was threatening her and aggravating everyone. She stated that at first they were inside the apartment, but later went outside and the arguing continued. She testified that appellant came out and told Marsee to get his hands off his sister and the two argued and appellant asked Marsee to leave. She stated that she turned around and saw Marsee falling backwards.
 {¶ 14} Appellant's mother, Brenda Richards, testified that there were several arguments that day. She stated that Marsee came into the apartment drunk and yelling and arguing. She indicated that the others went outside and she heard yelling and saw Marsee "had ahold" of Lashawnda and appellant was yelling at Marsee to get his hands off of his sister. Richards testified that when Marsee came towards appellant, in a threatening way with a beer bottle, appellant hit him.
 {¶ 15} Appellant testified that the day of the incident, his sister Lashawnda and Marsee's girlfriend Jamie were arguing. Appellant stated that Marsee was drunk and mad at his sister and that they argued inside. He testified that everyone else went outside to smoke and he heard arguing again. He went outside and saw Marsee grab his sister's arm and he tried to calm Marsee down. He testified that the two of them argued and Marsee got close and wouldn't listen. Appellant testified that Marsee had a beer bottle in his hand and threw his hands up. Appellant stated that he hit Marsee with a "solid punch" and hit him in his lip. He indicated that as soon as he hit Marsee, he realized he had made a "huge mistake." He stated that he had no intention of hurting Marsee and no prior plan to punch him, but that it just happened.
 {¶ 16} Appellant denied that he jumped and ran at Marsee when he punched him, but stated that he just hit him with a good solid punch, and that it wasn't a "light punch." He again stated that he did not realize he was going to hurt Marsee that bad, did not know Marsee was going to fall, and described the punch as a "split-second reaction." Appellant testified that he did not know if Marsee was going to hit him or not because he didn't give him a chance. He again stated that he made a mistake in hitting Marsee.
 {¶ 17} We find sufficient evidence to support appellant's conviction. The jury found appellant guilty of aggravated assault, which R.C. 2903.12(A)(1) defines as, "[n]o person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the other person into using deadly force, shall knowingly: [c]ause serious physical harm to another * * *."
 {¶ 18} As defined, "Serious physical harm" includes: "(b) Any physical harm that carries a substantial risk of death; (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity; (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement; (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C.2901.01(5)(b)-(e).
 {¶ 19} Testimony was presented that Marsee was drunk, acting obnoxious, threatening appellant's sister, and was argumentative with appellant. All of the witnesses who saw the incident, including appellant himself, agree that appellant punched Marsee forcefully and intentionally. Marsee was rendered unconscious as a result of the blow by appellant, was hospitalized and still suffers as a result of the harm caused to him.
 {¶ 20} Appellant argues that there is no evidence that he intended to cause serious physical harm. However, the Revised Code describes the mental state of "knowingly" as follows: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 21} In contrast, "purposely" is defined as follows: "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C.2901.22(A).
 {¶ 22} "The mental state of `knowingly' does not require the offender to have the specific intent to cause a certain result. That is the definition of `purposely.' Instead, whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself. Because the intent of an accused person is only in his mind and is not ascertainable by another, it cannot be proven by direct testimony of another person but must be determined from the surrounding facts and circumstances." State v. Huff (2001), 145 Ohio App.3d 555, 563
(internal citations omitted). However, if a given result is probable, a person will be held to have acted knowingly to achieve it because one is charged by the law with knowledge of the reasonable and probable consequences of his own acts." Statev. Dixon, Cuyahoga App. No. 82951, 2004-Ohio-2406, citing Statev. McDaniel (May 1, 1998), Montgomery App. No. 16221.
 {¶ 23} Accordingly, we find that appellant was not required to act intending to cause serious physical harm to Marsee, but only with an awareness that his actions would probably cause or circumstances exist that he would cause serious physical harm to Marsee. The evidence in this case is more than sufficient to establish this element. Even in his own testimony, appellant admitted that he hit Marsee forcefully, that it was a "good solid punch" and he knew it was a mistake as soon as he did it. Under these facts, it was a reasonable and probable consequence that Marsee would suffer serious physical harm.
 {¶ 24} Likewise, we find that appellant's conviction is not against the manifest weight of the evidence. Even though appellant testified that he did not intend to cause serious physical harm, he is still charged with the knowledge and consequences of his acts. The evidence establishes that appellant knowingly hit Marsee with a forceful punch and that Marsee suffered serious physical harm. We can not find that the jury clearly lost its way in convicting appellant of aggravated assault. Appellant's second and third assignments of error are overruled.
 {¶ 25} In his first assignment of error, appellant contends that the trial court erred by denying his request for a jury instruction on assault. R.C. 2903.13 provides two different types of conduct which constitute assault. The first occurs when a person knowingly causes or attempts to cause physical harm to another. R.C. 2903.13(A). The second occurs when a person recklessly causes physical harm to another. R.C 2903.13(B). Appellant argues that the difference between felonious assault, the offense he was charged with, and the lesser included offense of assault is whether the defendant knowingly caused "physical harm" (assault) or knowingly caused "serious physical harm" (felonious assault). He contends that the trial court should have given an assault instruction because he did not intend to cause serious physical harm when he hit Marsee.
 {¶ 26} In response to appellant's argument, the state submits that this issue can be reviewed only for plain error because appellant failed to preserve this issue for appeal when he did not object to the trial court's denial of his request for jury instructions.
 {¶ 27} In Presley v. Norwood (1973), 36 Ohio St.2d 29, the Ohio Supreme Court examined the issue of when an objection is necessary to preserve the denial of a jury instruction request for appellate review. In Presley, the court reviewed Civ.R. 51(A), which states that a party "may not assign as error the giving or failure to give any instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection." Id. at 33. In Presley, the court found that an exception to this rule applies if the record affirmatively shows that the trial court has been fully apprised of the correct law governing a material issue in dispute. Id. at 33. The court later extended this exception to criminal cases on the basis that Crim.R. 30(A) contains language that is nearly identical to Civ.R. 51(A). State v. Wolons (1989), 44 Ohio St.3d 64, 67.
 {¶ 28} Accordingly, the standard we must apply is, "in a criminal case, where the record affirmatively shows that a trial court has been fully apprised of the correct law governing a material issue in dispute, and the requesting party has been unsuccessful in obtaining the inclusion of that law in the trial court's charge to the jury, such party does not waive his objections to the court's charge by failing to formally object thereto." Id. In Wolons, the court found that "defendant's counsel and the trial court had an extensive discussion of cases relevant to the issue of whether the trial court should give the requested jury instruction on intoxication. Defendant attempted to persuade the court that the evidence and cases supported his position, and it is clear that the trial court understood his objection to the court's refusal to so instruct." Id. Under these circumstances, the court found the defendant had not waived his objection by failing to formally object on the record. Id.
 {¶ 29} In the case now before us, appellant filed a written request for jury instructions on the lesser included offense of assault and also asked the court to define the culpable mental states of "knowingly" and "recklessly." Appellant further requested a jury instruction on self defense and the defense of others.
 {¶ 30} The trial court held a discussion regarding the proposed jury instructions on the record. The court described appellant's requested instruction as a proffered jury instruction for "the misdemeanor offense of assault, a reckless assault, I guess would be the language of the appropriate definition." The court then questioned appellant's counsel regarding whether he was abandoning the affirmative defense of self-defense. Appellant's counsel responded that he was not abandoning the claim of self-defense. The court then discussed case law which holds that an instruction on reckless assault is not required as a lesser included offense of felonious assault when the defendant claims self-defense, because the defendant either knowingly hit the victim, or knowingly hit the victim in self-defense. Based on this reasoning, the court denied the request for the proposed instruction on reckless assault.
 {¶ 31} Based on the discussion at trial regarding the jury instructions, appellant's issue regarding reckless assault was preserved for review under the exception discussed in State v.Wolons (1989), 44 Ohio St.3d 64. However, this is not the issue appellant now raises on appeal. Instead, appellant now argues that the trial court should have given an instruction on "knowing assault" that causes "physical harm." He now contends that because he did not intend to cause "serious physical harm" this instruction should have been given. Because this issue was not preserved for appellate review through discussion with the trial court, we review only for plain error. However, as discussed below, our decision on this issue is not outcome determinative, as the failure to give the instruction was not error, much less plain error.
 {¶ 32} "Even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense."State v. Conway, 108 Ohio St.3d 214, 2006-Ohio-791, quotingState v. Thomas (1988), 40 Ohio St.3d 213, 533, paragraph two of the syllabus. In making this determination, the court must view the evidence in a light most favorable to defendant. Statev. Smith (2000), 89 Ohio St.3d 323, 331.
 {¶ 33} Nevertheless, an instruction is not required every time any evidence is presented on a lesser included offense. There must be "sufficient evidence" to "allow a jury toreasonably reject the greater offense and find the defendant guilty on a lesser included (or inferior-degree) offense." (Emphasis sic.) State v. Shane (1992), 63 Ohio St.3d at 630,632-633.
 {¶ 34} We find no merit to appellant's argument that the court erred in failing to give an instruction on knowing assault that caused physical harm. As discussed above, appellant's intent is not the focus of a criminal act that involves the mental state of "knowingly." Instead, the focus is on whether his conduct would "probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Again, as discussed above, all of the evidence shows that appellant intended to punch Marsee and that he did so in a strong forceful manner, knowing Marsee was intoxicated. Appellant's defense was not that he had never intended to hit Marsee or that he did not forcefully punch him. Instead, he presented a defense that, although he hit Marsee with a forceful, solid punch, it was in self defense and defense of others.
 {¶ 35} In addition, there is no indication that Marsee suffered anything other than serious physical harm. He was rendered unconscious as a result of the punch by appellant, spent time in the hospital, underwent rehabilitation and still suffers problems with his memory and speech. Therefore, we find no error in the fact that the trial court did not give an instruction on assault. As the failure to give the instruction was not error, appellant can not therefore establish plain error. Appellant's first assignment of error is overruled.
 {¶ 36} Judgment affirmed.
Walsh, P.J., and Bressler, J., concur.