OPINION
{¶ 1} Appellant, Belinda Creech, appeals her conviction in the Fayette County Court of Common Pleas on one count of trafficking in Oxycodone in the presence of a juvenile. We affirm.
 {¶ 2} On October 31, 2005, appellant was indicted on one second-degree felony count of trafficking in dugs, Oxycodone, in the presence of a juvenile, in violation of R.C. 2925.03(C)(1)(c). The charge arose out of a transaction on June 23, 2005, during which an undercover officer, Officer Sanders, acquired 85 pills, or 37.18 grams, of the substance from *Page 2 
appellant in exchange for payment of $225.
 {¶ 3} On the date of the transaction, Officer Sanders and a confidential informant met with appellant at a residence on Fourth Street in Washington Court House. A second undercover officer, Officer Funari, had arranged the meeting in advance, and accompanied Officer Sanders and the informant to the location. When they arrived at the residence, Officer Sanders and the informant went inside, while Officer Funari waited in a vehicle parked down the street and out of view of the residence.
 {¶ 4} Upon entering the residence, Officer Sanders met with appellant in the kitchen. Appellant handed him a quantity of white pills, which Officer Sanders proceeded to count before handing appellant $225 in cash. As the transaction took place, Officer Sanders observed an older woman and a female juvenile present in the kitchen area.
 {¶ 5} After completing the transaction, Officer Sanders exited the residence and turned the pills over to Officer Funari. The pills were later tested and determined to be Oxycodone. Later that afternoon, Officers Sanders and Funari prepared written reports detailing the transaction, each indicating the transaction occurred at 409 Fourth Street. The officers later learned they had incorrectly listed this street address on their initial reports, as "409 Fourth Street" does not actually exist. After learning of their error, the officers amended their reports to reflect the correct location of the transaction as 609 Fourth Street.
 {¶ 6} On May 3, 2006, a jury trial took place during which the state presented the testimony of Officers Sanders and Funari. Officer Sanders identified appellant as the individual from whom he acquired the substance on the date in question, and further testified he observed an "older woman" and "female juvenile" in the kitchen at the time the transaction took place. He described the female juvenile as "in her early teens."
 {¶ 7} Both officers also testified they had mistakenly listed "409" rather than "609" Fourth Street in their initial reports as the location of the transaction. The officers testified *Page 3 
they amended their reports after learning of the error, and drove by the residence prior to trial to verify the amended address was the location at which the transaction occurred. Officer Funari also noted that appellant's mother, Wilma Showalter, resides at the 609 Fourth Street residence.
 {¶ 8} At the conclusion of the state's case, appellant moved for acquittal pursuant to Crim.R. 29 on the basis the state failed to establish "every element of the alleged offense in the indictment." The court overruled appellant's motion at that time. At the conclusion of the trial, and before the jury returned its verdict, appellant renewed her motion for acquittal, adding the specific basis that no evidence was presented to establish the age or identity of the female juvenile Officer Sanders observed in the kitchen. The court overruled the motion, and the jury returned a guilty verdict.
 {¶ 9} Appellant now appeals her conviction, raising two assignments of error.
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "THE DECISION OF THE COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE JURY'S VERDICT WAS INCONSISTENT WITH THE EVIDENCE AND TESTIMONY PRESENTED AT TRIAL."
 {¶ 12} In her first assignment of error, appellant contends the jury's verdict was against the manifest weight of the evidence because Officers Sanders and Funari initially prepared reports listing an incorrect address as the location at which the transaction occurred. Appellant argues the officers' trial testimony therefore lacked credibility to support the jury's guilt finding. Appellant also argues the juvenile specification is not supported by the evidence because Officer Sanders' testimony failed to establish the age and identity of the female juvenile he observed in the kitchen at the time the transaction occurred. We find these arguments without merit.
 {¶ 13} A challenge to the manifest weight of the evidence attacks the credibility of the *Page 4 
evidence presented. State v. Thompkins, 78 Ohio St.3d 380, 386-387,1997-Ohio-52. In reviewing the manifest weight of the evidence to determine whether reversal is warranted, "the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. at 387. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 14} An appellate court will not reverse a judgment as against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the jury's resolution of any conflicting testimony. Id. at 389. When reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 15} Appellant first suggests the trial testimony of Officers Sanders and Funari was not credible and therefore, could not support a conviction, because the officers initially reported an incorrect address as the location at which the transaction occurred. Both officers, however, testified at trial the transaction took place at 609 Fourth Street, and that they mistakenly listed "409 Fourth Street" in their initial reports prepared the afternoon following the transaction. The record indicates "409 Fourth Street" does not exist and is, in fact, a vacant lot. The officers testified they amended their reports to reflect the correct address of 609 Fourth Street after becoming aware of the error, and even drove by the residence again thereafter to verify the transaction occurred at that location. The jury, as the trier of fact, was permitted to judge the credibility of the officers after hearing their testimony and to return a verdict in accordance with its findings. Accordingly, we find appellant's first *Page 5 
argument is without merit.
 {¶ 16} Appellant also argues the evidence does not support a finding the transaction occurred in the vicinity of a juvenile because no proof of the alleged juvenile's age or identity was provided at trial. We find, however, that proof of a juvenile's specific age is not required to support a juvenile specification.
 {¶ 17} R.C. 2925.01(BB) provides: "An offense is `committed in the vicinity of a juvenile' if the offender commits the offense within one hundred feet of a juvenile or within the view of a juvenile, regardless of whether the offender knows the age of the juvenile, whether the offender knows the offense is being committed within one hundred feet of or within view of the juvenile, or whether the juvenile actually views the commission of the offense.'" R.C. 2925.01(N) defines "juvenile" as "a person under eighteen years of age."
 {¶ 18} The statute does not require the state to prove the specific age of the alleged juvenile, but rather, that such individual is under the age of eighteen. Notably, Ohio courts considering this issue have previously determined that proof of a juvenile's age or identity is not required to support a juvenile specification. See, e.g., State v.Fannin, Cuyahoga App. No. 80014, 2002-Ohio-4180, (rejecting the defendant's argument that proof of the ages of children reportedly present at the defendant's home when law enforcement uncovered a quantity of drugs was required, and finding the testimony of a detective differentiating between "adults" and "children" he observed on the premises to be sufficient to support a conviction on a juvenile specification), see, also, State v. Flores, Wood App. Nos. WD-04-012, WD-04-050, 2005-Ohio-3355, State v. Johnson, Cuyahoga App. No. 82804,2004-Ohio-745.
 {¶ 19} Our review of the record in this case indicates Officer Sanders personally observed a "female juvenile" in the kitchen area during the transaction, along with an "older woman," and differentiated at trial between the juvenile and older woman he observed. *Page 6 
Having personally transacted with appellant on the date in question, Officer Sanders was afforded the opportunity to observe his surroundings and the individuals present at that time, including the physical characteristics of such individuals. At trial, Officer Sanders relayed his observations to the jury, indicating the "female juvenile" he observed appeared to be "in her early teens." This description, while speculative of the girl's actual age, clearly establishes she was "under eighteen years of age" in accordance with the statutory definition of a "juvenile." The jury was free to assess Officer Sanders' credibility regarding his observations and determine the weight to be given these observations. As a result, we find appellant's second argument is without merit.
 {¶ 20} After reviewing the evidence, we find appellant has failed to demonstrate the jury lost its way in resolving the conflicting evidence at trial and created such a manifest miscarriage of justice that the conviction must be reversed. Appellant's first assignment of error is therefore overruled.
 {¶ 21} Assignment of Error No. 2:
 {¶ 22} "THE COURT ERRED IN OVERRULING A CRIMINAL RULE 29 MOTION MADE AT THE CLOSE OF THE STATE'S CASE."
 {¶ 23} In her second assignment of error, appellant argues the trial court erred in overruling her motion for acquittal at the close of the state's case because the state failed to prove beyond a reasonable doubt the female juvenile Officer Sanders observed in the kitchen was, in fact, a juvenile. We disagree.
 {¶ 24} In considering a motion for acquittal pursuant to Crim.R. 29, a court shall not enter judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. In reviewing the sufficiency of the evidence to support a criminal conviction, a reviewing court is "to examine *Page 7 
the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Smith, 80 Ohio St.3d 89, 113,1997-Ohio-355. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 25} Here, appellant was convicted of trafficking in Oxycodone, in violation of R.C. 2925.03(C)(1)(c). Under this section, "if the amount of the drug involved equals or exceeds the bulk amount but is less than five times the bulk amount[,] * * * and if the offense was committed * * * in the vicinity of a juvenile, aggravated trafficking in drugs is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree." R.C. 2925.01(N) defines "juvenile" as "a person under eighteen years of age."
 {¶ 26} The state presented evidence indicating the amount of the substance in question, provided to Officer Sanders by appellant, was within the statutory range.[1] The state also presented evidence indicating a person under the age of 18 was present when the transaction occurred. As stated, although appellant argues the state failed to prove the specific age of the "female juvenile" beyond a reasonable doubt, we find no requirement in the statute that such proof is required. Rather, the statute requires the state to prove the alleged juvenile was under the age of 18. Here, Officer Sanders testified the "female juvenile" present at the time the transaction occurred appeared to be "in her early teens" from his personal observation of her. Again, while this description is speculative in nature as to the girl's actual age, we find it sufficient to establish she was under the age of majority in accordance with the statutory definition of "juvenile." *Page 8 
 {¶ 27} Viewing the foregoing evidence in a light most favorable to the prosecution, we find a rational trier of fact could find the elements of the offense in question were proved beyond a reasonable doubt. The trial court therefore properly overruled appellant's Crim.R. 29 motion. Appellant's second assignment of error is overruled.
 {¶ 28} Judgment affirmed.
BRESSLER, P.J. and WALSH, J., concur.
[1] Appellant does not dispute the amount of the substance as alleged in the indictment. *Page 1