OPINION
{¶ 1} Defendant-appellant, Michael Mackey, appeals his conviction in Mason Municipal Court for driving under the influence of alcohol.
 {¶ 2} Appellant was charged in 2005 with the offense of operating a motor vehicle under the influence of alcohol under the Mason Municipal Code Section 333.01(A)(1). His case was tried to the bench, and appellant was found guilty by the trial court and sentenced *Page 2 
accordingly.[1] Appellant raises a single assignment of error on appeal, alleging that the conviction is against the manifest weight of the evidence.
 {¶ 3} A court considering whether a conviction was against the manifest weight of the evidence must review the entire record, weighing the evidence and all reasonable inferences, and consider the credibility of witnesses. State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 39. The question is whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175; State v.Blanton, Madison App. No. CA 2005-04-016, 2006-Ohio-1785, ¶ 7.
 {¶ 4} The following evidence was presented at appellant's trial: A citizen testified that on the night in question, he was driving his vehicle behind a pick-up truck towing a box trailer. The witness indicated that he had experience towing this type of trailer. He testified that while he was following the truck and trailer, he observed the vehicle cross both the white and yellow pavement lines multiple times and ride onto the curb of a bridge. He reported the erratic driving to law enforcement authorities.
 {¶ 5} After he called police, the witness testified that he observed the trailer hit a reflector on the side of the road. The witness said the vehicle then turned into a church parking lot where the vehicle completed four or five "figure 8" maneuvers. The witness kept the truck in sight until he saw that police officers were following the truck as it left the parking lot.
 {¶ 6} City of Mason Police Officer Scott Miller testified that he responded to a dispatch and followed appellant's vehicle for a short time before he was diverted to another *Page 3 
call. Officer Miller indicated that he observed the trailer cross the double yellow line on four occasions.
 {¶ 7} Officer Matthew Hayes testified that he watched as the vehicle turned a corner and parked on the road facing the wrong way in front of a residence. The officer testified that he observed appellant exit the driver's side of the truck and stagger across the front yard of the residence. Officer Hayes approached appellant and asked for his license and proof of insurance. Appellant responded that he was "where [he] was going." Officer Hayes smelled an extremely strong odor of alcoholic beverage on appellant's breath, and observed that appellant's balance was impaired. Upon questioning, appellant admitted to consuming four beers, and having just come from doing so. Officer Haves observed that appellant's eyes were glassy and bloodshot in appearance, and appellant's speech was slurred.
 {¶ 8} Officer Hayes administered a horizontal gaze nystagmus test, detecting a lack of smooth pursuit in both eyes, "nystagmus and maximum deviation" in both eyes, and "a nystagmus prior to the onset of 45-degree angle in his left and right eye." Officer Hayes then administered the walk and turn test, observing that appellant had poor balance during the explanation and demonstration phase of the test. During the test, appellant used his arms for balance and took steps to the side to maintain his balance. According to the officer, appellant did not walk heel to toe on any of the steps, stepped off the line three times, and nearly fell over while turning.[2]
 {¶ 9} Appellant concedes that if the trial court as trier of fact found Officer Hayes' testimony credible and reliable, it did not lose its way. However, appellant argues that a videotape of appellant's conduct after he was in custody at the police station refutes some of the officer's testimony. Specifically, appellant asserts that the visual and audio portions of *Page 4 
the tape show that he had no difficulty walking at the police station and was not slurring his speech.
 {¶ 10} We have reviewed the record in this case and note that the videotape was not provided and could not be located for this appeal. We are mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus.
 {¶ 11} Assuming, as appellant asserts, he showed no indication of impaired walking or slurred speech on the videotape, appellant had already provided significant indicia before he arrived at the police station for the trier of fact to determine that appellant was operating his vehicle under the influence of alcohol.
 {¶ 12} Witnesses, including a civilian, testified they observed appellant driving in an erratic manner, running up over a bridge curb, hitting a reflector on the side of the road, and crossing over the lane markers on both the left and right-hand side. Appellant displayed physical indicia of intoxication, performed poorly on field sobriety tests, and admitted to drinking four beers before operating a vehicle.
 {¶ 13} Based upon all of the foregoing, appellant's conviction is not contrary to the weight of the evidence. Appellant's assignment of error is overruled.
 {¶ 14} Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] We note that the trial court's judgment entry states that appellant entered a guilty plea to the charge. However, the record reflects that appellant pled not guilty, and the matter proceed to a trial. The trial court found appellant guilty.
[2] Appellant was not asked to submit to any other field sobriety tests after he told the officer he had a knee injury. *Page 1