OPINION
{¶ 1} Defendant-appellant, Jack R. Agee, appeals his conviction from the Butler County Court of Common Pleas for felony domestic violence.
 {¶ 2} Appellant was charged with domestic violence after it was alleged that he punched his fiancé in the face during an argument. Appellant's case was tried to a jury, which returned a guilty verdict. Appellant was sentenced to prison and this appeal followed. Appellant presents two assignments of error, which we will address out of order. *Page 2 
 {¶ 3} Assignment of Error No. 2:
 {¶ 4} "THE TRIAL COURT ERRED IN CONVICTING [APPELLANT] OF [DOMESTIC VIOLENCE] AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]"
 {¶ 5} A court considering whether a conviction is against the manifest weight of the evidence must review the entire record, weighing the evidence and all reasonable inferences, and consider the credibility of witnesses. State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 39. The question is whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Id.; see, also, State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52; State v. Blanton, Madison App. No. CA 2005-04-016, 2006-Ohio-1785, ¶ 7.
 {¶ 6} The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Hancock at ¶ 42. We must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus. A unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required to reverse a judgment of a trial court on the weight of the evidence in a jury trial. Thompkins at 389.
 {¶ 7} The domestic violence statute states that no person shall knowingly cause or attempt to cause physical harm to a family or household member. R.C. 2919.25(A). If the offender had previously been convicted of two or more offenses of domestic violence, a violation of subsection (A) is a felony of the third degree. R.C. 2919.25(D)(4).
 {¶ 8} Appellant stipulated before trial that he had two prior domestic violence convictions before the incident in question.
 {¶ 9} The alleged victim in this case, Sarah Siddiqi ("victim") testified at trial that she and appellant lived together at the time of the incident and were engaged to be married. *Page 3 
According to the victim, she and appellant were returning home from a pool tournament when an argument ensued. The victim was driving and appellant was sitting in the front passenger seat. The victim testified that appellant punched her in the face. She pulled to the side of the road and ordered appellant out of the vehicle. The victim returned home and set her security alarm. The alarm sounded when appellant entered the door. The security company contacted the victim, and called police at the victim's request.
 {¶ 10} Appellant was not present when police arrived at the scene. The responding officer testified at trial that he talked with the victim, who was "extremely upset" and had swelling and redness on or near the right eye. Appellant reportedly called the victim on her cell phone while the officer was present. The officer testified that he took the phone and talked with the other person on the phone. This person refused to tell the officer where he was located, refused to meet with the officer, and eventually, terminated the call.
 {¶ 11} On cross-examination of the victim, appellant elicited evidence that the victim had been drinking beer at the pool tournament, that she did not seek treatment for the injuries she alleged, and that she allowed appellant back into her home after the incident.
 {¶ 12} The victim admitted in her testimony that she drank beer at the bar, but denied it had any impact on the events that occurred. The officer responding to the incident testified that he had no concern about the victim's alcohol intake.
 {¶ 13} The victim alleged that her nose was broken and that a brow bone was also broken. She indicated that she consulted with her physician father, but sought no other treatment.
 {¶ 14} The victim admitted on cross-examination that she drove appellant to his family reunion some two weeks after the incident. Appellant introduced photographs taken of the victim with appellant and his family. These photos were reportedly taken two weeks after the incident. *Page 4 
 {¶ 15} The victim testified that she permitted appellant to live in the basement of her home for a few weeks after the incident because he had already paid that month's rent and she thought he had no place to stay.
 {¶ 16} We have reviewed the evidence admitted at trial. We cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction for domestic violence must be reversed. Appellant's second assignment of error is overruled.
 {¶ 17} Assignment of Error No. 1:
 {¶ 18} "AGEE WAS DENIED HIS RIGHT TO A FAIR TRIAL BECAUSE OF THE INEFFECTIVE ASSISTANCE OF HIS TRIAL COUNSEL[.]"
 {¶ 19} Appellant alleges that his trial counsel was ineffective because she did not permit Agee to testify on his own behalf, and because she stipulated to his two prior convictions of domestic violence.
 {¶ 20} Reversal of a conviction for ineffective assistance requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052; State v. Ketterer,111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 81.
 {¶ 21} A strong presumption exists that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance.Strickland at 689. While the wisdom of a given strategy may be debatable, trial tactics, even "debatable trial tactics," do not constitute a denial of effective assistance of counsel. State v.Leonard, 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 146; State v.Heffernan, Clermont App. Nos. CA2005-11-104, CA2005-11-105,2006-Ohio-5659, ¶ 11.
 {¶ 22} Trial counsel's advice in regard to whether a defendant testifies or not is a clear example of trial strategy. See State v.Ambrosi, Lorain App. No. 03CA008387, 2004-Ohio-5552, ¶ 14; *Page 5 
see, also, State v. Mohammad, Cuyahoga App. No. 80867, 2002-Ohio-5850, ¶ 46-48 (decision not to call appellant as a witness is within the range of professionally reasonable judgment).
 {¶ 23} Further, trial counsel's conduct in stipulating to appellant's prior convictions rather than having the state present evidence on those convictions is also a matter of trial strategy. See State v.Abercrombie, Clermont App. No. CA2001-06-057, 2002-Ohio-2414; State v.Young (Feb. 22, 1996), Cuyahoga App. No. 69010, 69011.
 {¶ 24} Appellant argues that the representation was deficient because there was no harm in having him testify, once the stipulations were in the record. Trial counsel's apparent strategy was to attack the victim's credibility, while not placing issues of appellant's credibility, character, or demeanor before the jury. We cannot say that trial counsel's trial strategy was deficient or prejudiced appellant. Appellant's first assignment of error is overruled.
 {¶ 25} Judgment affirmed.
 YOUNG, P.J., and BRESSLER, J., concur. *Page 1