OPINION
{¶ 1} Defendant-appellant, Anne Hall, appeals her conviction in Madison County Court of Common Pleas for complicity to drug trafficking.
 {¶ 2} Appellant was charged with the drug offense after it was alleged that she obtained a prescription for oxycodone,[1] acquired the drug from a pharmacy, and turned a *Page 2 
number of the pills over to her adult daughter, Daniele Hall ("Daniele"), who sold them to an undercover police officer.
 {¶ 3} Appellant's case was tried to a jury, which returned a guilty verdict. After appellant was sentenced to prison, she instituted the instant appeal, presenting eight assignments of error for our review.
 {¶ 4} We will discuss appellant's first and second assignments of error together.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE CONVICTION FOR AGGRAVATED DRUG TRAFFICKING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]"
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE CONVICTION FOR AGGRAVATED TRAFFICKING WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE[.]
 {¶ 9} Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other; weight is not a question of mathematics, but depends on its effect in inducing belief. State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. A court considering whether a conviction was against the manifest weight of the evidence must review the entire record, weighing the evidence and all reasonable inferences, and consider the credibility of witnesses. State v.Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 39. The question is whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." Id.; State v. Blanton, Madison App. No. CA2005-04-016, 2006-Ohio-1785, ¶ 7.
 {¶ 10} A unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required to reverse a judgment of a trial court on the weight of the evidence in a jury trial.Thompkins at 389. *Page 3 
 {¶ 11} When reviewing a challenge to the sufficiency of the evidence to support a criminal conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Hancock at ¶ 34;Blanton at ¶ 6.
 {¶ 12} Appellant contends under both assignments of error that a jury could not find that appellant possessed the requisite state of mind to commit the offense of complicity to drug trafficking because she was forced to commit the offense by Daniele.
 {¶ 13} The complicity statute, R.C. 2923.03, as applicable here, states that:
 {¶ 14} "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 {¶ 15} "(2) Aid or abet another in committing the offense[.]"
 {¶ 16} A charge of complicity may be stated in terms of this section, or in terms of the principal offense. R.C. 2923.03(F).
 {¶ 17} R.C. 2925.03(A)(1) states that "no person shall knowingly * * * sell or offer to sell a controlled substance." According to R.C.3719.01(C) and R.C. 3719.41, oxycodone is a controlled substance, schedule II opium or opium derivative.
 {¶ 18} For the culpable mental state required under R.C. 2925.03, "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 19} Appellant's indictment also avers that the controlled substance sold was in an amount greater than bulk but less than five times bulk, and the offense took place in the presence of a juvenile. Appellant specifically challenges the evidence that the offense was committed in the presence of a juvenile because there was no evidence of the juvenile's birth date. *Page 4 
 {¶ 20} R.C. 2925.01(BB) provides: "An offense is `committed in the vicinity of a juvenile' if the offender commits the offense within one hundred feet of a juvenile or within the view of a juvenile, regardless of whether the offender knows the age of the juvenile, whether the offender knows the offense is being committed within one hundred feet of or within view of the juvenile, or whether the juvenile actually views the commission of the offense." R.C. 2925.01(N) defines "juvenile" as "a person under eighteen years of age."
 {¶ 21} The statute does not require the state to prove the specific age of the alleged juvenile, but rather, that such individual is under the age of 18. State v. Creech, Fayette App. No. CA2006-05-019,2007-Ohio-2558, ¶ 18.
 {¶ 22} The transcript of the trial indicates that a police officer testified that law enforcement, with the assistance of confidential informants ("informants"), arranged a number of buys of controlled substances in the Mt. Sterling area. Appellant's daughter, Daniele, was one of the individuals with whom a drug buy was arranged.
 {¶ 23} A sergeant with the Madison County Sheriff's Office testified that he was operating undercover with informants on the day in question when he came into contact with Daniele and appellant. Earlier that day, an informant provided Daniele with a specific amount of money to secure oxycodone.
 {¶ 24} The sergeant testified that he saw Daniele driving a vehicle, with appellant in the front passenger seat, an informant in the back seat, and Daniele's child, who the sergeant estimated was two years of age, also sitting in the back. They reportedly were returning from a trip to the office of appellant's physician, where appellant obtained a prescription for oxycodone.
 {¶ 25} The sergeant testified that he first saw Daniele's car while he was leaving the area to attend to another matter, but that he and Daniele stopped and parked their respective vehicles near each other on more than one occasion to communicate with each other as the *Page 5 
transaction progressed. During one of the stops, the informant riding in Daniele's car switched to the sergeant's vehicle.
 {¶ 26} The two vehicles eventually parked side-by-side at a pharmacy parking lot. Daniele informed the group in the sergeant's vehicle that the amount of appellant's co-pay had increased and they did not have enough money to fill the prescription.
 {¶ 27} The sergeant testified that after Daniele was given additional money, she leaned into her car where appellant was sitting and handed something to appellant. Appellant exited the vehicle and walked into the pharmacy. Shortly thereafter, appellant returned to Daniele's vehicle and sat in the front passenger seat. Daniele reentered the driver's side of her vehicle and a few minutes later brought 25 oxycodone pills over to the sergeant's vehicle and gave them to the informant sitting in the front seat. The sergeant would later provide additional funds to Daniele in payment for the pills.
 {¶ 28} Daniele testified at trial that appellant is prescribed oxycodone for a neck problem, but knew they were obtaining money to sell some of the oxycodone and that appellant willingly participated in selling a portion of her oxycodone pills.
 {¶ 29} A forensic scientist from the Bureau of Criminal Identification and Investigation testified that she formed the conclusion upon laboratory analysis that the 25 pills, which were each marked as a 40-milligram dosage, contained oxycodone.
 {¶ 30} After reviewing the evidence in the light most favorable to the prosecution on the sufficiency challenge, we find that any rational trier of fact could have found beyond a reasonable doubt that appellant possessed the requisite mental state and that a juvenile was present during the sale, as well as the remaining essential elements of complicity to trafficking in drugs.
 {¶ 31} Appellant asserts that the jury lost its way in finding her guilty of the charge, particularly on the issue of the requisite mental state. Appellant offers that she presented *Page 6 
testimony from witnesses that Daniele verbally abused appellant in the past, and the witnesses suspected physical abuse, and therefore, appellant was not willingly participating in the transaction.
 {¶ 32} A tape recording of a portion of the drug transaction was played for the jury. Appellant's voice is never heard on the tape. An informant can be heard making statements to the effect that the informant believed appellant looked like she did not want to give Daniele the pills, that appellant needed the pills herself, and a reference to a physical assault or appellant being hit and crying.
 {¶ 33} When questioned about the contents of the tape, the sergeant testified that he did not observe any indication that appellant was coerced or forced to participate.
 {¶ 34} We must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses. State v.DeHass (1967), 10 Ohio St.2d 230, 231.
 {¶ 35} After reviewing the record for the manifest weight of the evidence challenge, we cannot say that in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed.
 {¶ 36} Appellant's first and second assignments of error are overruled.
 {¶ 37} Assignment of Error No. 3:
 {¶ 38} "THE TRIAL COURT ERRED WHEN IT ALLOWED IMPROPER VOIR DIRE BY THE STATE[.]"
 {¶ 39} Appellant argues that the prosecution engaged in improper voir dire when it told members of the venire that the case involved the use of confidential informants, that some of the informants may have been paid to inform on others, and asked the prospective jurors whether they had a problem with the use of informants. Appellant's objection at trial was overruled.
 {¶ 40} While Crim.R. 24 and R.C. 2945.27 afford both the prosecution and defense *Page 7 
the opportunity to conduct reasonable voir dire of prospective jurors, the scope of voir dire falls within the trial court's sound discretion and varies depending on the circumstances of a given case. State v.Lundgren, 73 Ohio St.3d 474, 481, 1995-Ohio-227 (appellate court will not find prejudicial error in a trial court's qualification of venire persons as fair and impartial jurors unless appellant can show a clear abuse of discretion).
 {¶ 41} Jurors must be impartial, but prospective jurors need not be totally ignorant of the facts and issues involved to be qualified as jurors. State v. Jackson, 107 Ohio St.3d 53, 2005-Ohio-5981, ¶ 48-52
(while it is improper for counsel to seek a commitment from prospective jurors on whether they would find specific evidence mitigating, counsel should be permitted to present uncontested facts to the venire directed at revealing prospective jurors' biases).
 {¶ 42} We find nothing in the record to indicate that any question to the venire regarding the use of confidential informants was improper. The trial court did not abuse its discretion in its ruling on this issue. Appellant's third assignment of error is overruled.
 {¶ 43} Assignment of Error No. 4:
 {¶ 44} "THE TRIAL COURT ERRED WHEN IT ALLOWED STATEMENTS OF CO-CONSPIRATOR WITHOUT FIRST MAKING A DETERMINATION THAT A CONSPIRACY EXISTED[.]"
 {¶ 45} A trial court has broad discretion in the admission and the exclusion of evidence and unless it clearly abused its discretion and appellant is materially prejudiced thereby, the appellate court should be slow to interfere. State v. Finnerty (1989), 45 Ohio St.3d 104,109.
 {¶ 46} Evid.R. 801(D)(2)(e) provides: "A statement is not hearsay if * * * [t]he statement is offered against a party and is * * * a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy." Statements of co-conspirators are not admissible under Evid.R. 801(D)(2)(e) *Page 8 
until the proponent of the statement has made a prima facie showing of the existence of the conspiracy by independent proof. State v.Hand, 107 Ohio St.3d 378, 2006-Ohio-18, ¶ 100.
 {¶ 47} An out-of-court declaration by a co-conspirator is admissible against the defendant upon proof: (1) of the existence of a conspiracy; (2) of the defendant's participation in the conspiracy; (3) of the declarant's participation in the conspiracy; (4) that the statement was made during the course of the conspiracy; and (5) that the statement was made in furtherance of the conspiracy. State v. Bishop (Oct. 5, 1998), Madison App. No. CA97-07-032; see, e.g., R.C. 2923.01 (conspiracy has been defined as the planning or aid in planning the commission of the charged offense or agreement that one of more of parties will engage in conduct that facilitates the commission of the charged offense).
 {¶ 48} Explicit findings of the existence of a conspiracy need not be made on the record. Hand at ¶ 100.
 {¶ 49} We are not convinced that every instance cited by appellant in her brief qualifies as hearsay. Nevertheless, we do not find that the trial court erred in admitting the statements that would otherwise constitute hearsay as the prosecution made a prima facie showing of the existence of the conspiracy by independent proof before the statements were offered.
 {¶ 50} Appellant's fourth assignment of error is overruled.
 {¶ 51} Assignment of Error No. 5:
 {¶ 52} "THE TRIAL COURT ERRED IN FINDING DANIELLE [sic] HALL COMPETENT[.]"
 {¶ 53} Appellant questioned Daniele's competency as a witness at trial, noting her diagnosis of bipolar disorder and the fact that she was taking a prescription mood stabilizer.
 {¶ 54} Evid.R. 601 states that "[e]very person is competent to be a witness except:
 {¶ 55} "(A) Those of unsound mind, and children under ten years of age, who appear *Page 9 
incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."
 {¶ 56} "A person, who is able to correctly state matters which have come within his perception with respect to the issues involved and appreciates and understands the nature and obligation of an oath, is a competent witness notwithstanding some unsoundness of mind." State v.Wildman (1945), 145 Ohio St. 379, paragraph three of the syllabus.
 {¶ 57} The competency of a person to testify as a witness lies in the discretion of the trial judge and a reviewing court will not disturb the ruling where there is no abuse of discretion. State v. Bradley (1989),42 Ohio St.3d 136, 140-141 (trial judge is in best position to view and hear the witness and to determine the witness' understanding of the events in question and the nature of an oath); see Wildman at 387 (after the court has passed on the witness' capacity, it is still open to the jury to conclude that the witness is not credible and to reject the testimony).
 {¶ 58} The trial court conducted a competency voir dire of Daniele and found her competent to testify. We have reviewed the record as it pertains to voir dire. The trial court did not abuse its discretion with its determination. Appellant's fifth assignment of error is overruled.
 {¶ 59} Assignment of Error No. 6:
 {¶ 60} "THE TRIAL COURT ERRED IN NOT INSTRUCTING THE JURY ON THE DEFENSE OF DURESS[.]"
 {¶ 61} Duress is an affirmative defense to a criminal charge.State v. Elijah (July 14, 2000), Montgomery App. No. 18034. A defendant is said to be under duress when he is compelled to commit a crime by another under threat of imminent death or serious bodily injury, and the force compelling the defendant remains constant, controlling the will of the unwilling defendant during the entire time he commits the act, and is of such a nature that he *Page 10 
cannot safely withdraw. Id.
 {¶ 62} A criminal defendant is entitled to an instruction on an affirmative defense if he has introduced sufficient evidence which, if believed, would raise a question in the minds of reasonable people concerning the existence of the issue. State v. Melchior (1978),56 Ohio St.2d 15, paragraph one of syllabus.
 {¶ 63} It is within the trial court's discretion to determine whether the evidence presented at trial is sufficient to require a particular jury instruction. Elijah. The failure to give a requested jury instruction is reversible error if the court's refusal to give the instruction was an abuse of discretion and the defendant suffered prejudice as a result. State v. Johnson, Montgomery App. No. 21459,2007-Ohio-5662, ¶ 21.
 {¶ 64} Crim.R. 30(A), states, in part, that a party on appeal may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection.
 {¶ 65} According to the trial transcript, counsel and the trial court discussed the issue of duress in reference to jury instructions. Appellant's counsel acknowledged that appellant did not take the stand to testify, and therefore, did not admit that she committed the crime but was forced to do so.[2]
 {¶ 66} The trial court concluded that it would remove its jury instruction on duress because appellant had failed to present evidence of the affirmative defense. No objection was raised to the trial court's decision.
 {¶ 67} We find no error by the trial court in failing to instruct the jury on the defense of *Page 11 
duress. Appellant's sixth assignment of error is overruled.
 {¶ 68} Assignment of Error No. 7:
 {¶ 69} "THE TRIAL COURT ERRED WHEN IT CONSIDERED IMPROPER EVIDENCE IN REGARDS TO THE BULK AMOUNT OF OXYCODONE[.]"
 {¶ 70} Appellant argues under this assignment of error that the state offered a reference chart in the publication, "Drug Laws of Ohio," that was not "certified, nor authenticated, nor explained by a physician."[3]
 {¶ 71} We note that appellant registered objections at trial in reference to the bulk amount jury instruction, but those objections did not involve whether the reference chart in the "Drug Laws of Ohio" publication was certified, authenticated, or explained by a physician.
 {¶ 72} It is well-established that an appellate court should not consider questions that have not been properly raised in the trial court and upon which the trial court had no opportunity to pass. State v.Long (1978), 53 Ohio St.2d 91, 95.
 {¶ 73} Crim.R. 52(B) states that plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court. An alleged error is plain error only if the error is "obvious," and but for the error, the outcome of the trial clearly would have been otherwise. State v. Mundt, 115 Ohio St.3d 22,2007-Ohio-4836, ¶ 169. Even if the defendant satisfies the burden of showing an error affecting substantial rights, the appellate court has discretion to disregard the error and should correct it only to prevent a manifest miscarriage of justice. State v. Wamsley, Ohio St.3d,2008-Ohio-1195, ¶ 27.
 {¶ 74} In addition, appellant has not cited this court to any authority to support her argument that the trial court erred because the reference chart was not certified, *Page 12 
authenticated, or explained by a physician. See State v. Mastice, Wayne App. No. 06CA0050, 2007-Ohio-4107, ¶ 6-10 (appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if appellant fails to cite to any legal authority or reason in support of an argument as required by App.R. 16).
 {¶ 75} Accordingly, appellant's arguments are not well taken, and her seventh assignment of error is overruled.
 {¶ 76} Assignment of Error No. 8:
 {¶ 77} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR A NEW TRIAL[.]"
 {¶ 78} We have reviewed appellant's Crim.R. 33 motion for a new trial and cannot determine whether she alleged irregularity in the proceedings or juror and witness misconduct.
 {¶ 79} Crim.R. 33 (A) states, in pertinent part, that a new trial may be granted on motion of the defendant for any of the following causes affecting materially her substantial rights: (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial; (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state.
 {¶ 80} The trial court held a hearing on appellant's motion for a new trial. Appellant provided her own testimony and the testimony of a friend. They both testified that a woman they are convinced was a member of the jury spoke during a recess with the sergeant who was the undercover police officer in this case. The friend testified that he saw the woman approach the sergeant and heard her tell the sergeant she had a question. The witness could not hear any of the conversation, but saw the sergeant turn and smile to the person standing with him, as the woman walked away.
 {¶ 81} A motion for new trial filed pursuant to Crim.R. 33 is addressed to the sound *Page 13 
discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. State v. Schiebel (1990),55 Ohio St.3d 71, paragraph one of syllabus.
 {¶ 82} The trial court found that appellant failed to demonstrate any misconduct and was not entitled to a new trial. Appellant did not show that this alleged encounter materially affected her substantial rights. We find no abuse of discretion in that regard. Appellant's eighth assignment of error is overruled.
 {¶ 83} Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] We note that OxyContin and oxycodone are sometimes used interchangeably in the trial transcript. We will use oxycodone as the controlled substance since the lab analysis indicated that the ingredient in the pills was oxycodone, the active ingredient in OxyContin.
[2] The record indicates that appellant, in part, was relying on the theory that Daniele bullied appellant, and on the day in question, assaulted appellant after appellant had filled the prescription, and took the oxycodone from her to sell.
[3] While the exhibit consisting of a photocopy of the pages relied upon by the trial court was not provided to this court, we do not believe the exhibit was necessary for the resolution of this assignment of error. *Page 1