[Cite as *Pass v. Calvino's Pizza*, **2016-Ohio-8527.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Michele Pass                                    Court of Appeals No. L-16-1019

      Appellant                              Trial Court No. CI0201404568

v.

Calvino's Pizza, et al.                         **DECISION AND JUDGMENT**

      Appellees                              Decided:   December 30, 2016

* * * * *

Jeffrey Swiech, for appellant.

Timothy C. James and Lorri J. Britsch, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} Appellant, Michele Pass, appeals from a judgment of the Lucas County

Court of Common Pleas granting summary judgment to appellee, Calvino's Pizza, et al.,

("Calvino's") regarding a trip and fall on a set of stairs in a two-story restaurant. For the

reasons set forth below, we affirm the judgment of the trial court.

**{¶ 2}** On February 11, 2011, appellant ("Pass") visited Calvino's Pizza with several friends. Calvino's is a small restaurant with seating on the street level and on the second floor which is accessed solely by a flight of stairs. At that time, the restaurant was owned by Iazk, Inc. The president of Iazk, Inc. was Issam Kodeih, a/k/a Fred Calvino, who also managed the restaurant. On the night of the accident, Pass and her party were seated on the second floor of the restaurant. Pass climbed the stairs to her table without incident. After dining, Pass descended the steps while holding onto the handrail. As she neared the bottom of the stairs, she fell. Pass walked out of the restaurant and later sought medical care, when she was diagnosed with a compression fracture in her back.

**{¶ 3}** Pass originally filed a complaint against appellees in February 2013. She voluntarily dismissed the action in November 2013 and refiled the same action in November 2014, claiming that appellees breached a duty of ordinary care owed to her as a business invitee by failing to maintain their premises in a reasonably safe condition. Appellees moved for summary judgment on September 17, 2015, and on January 4, 2016, the motion was granted.

**{¶ 4}** Pass sets forth the following sole assignment of error:

> I. The trial court erred when it granted summary judgment in favor of Appellee Calvino's Pizza.

**{¶ 5}** In support of her assignment of error, Pass asserts that Calvino's created a hazard by way of a long-term pattern of negligent maintenance of the stairs in the

2.

restaurant, which led to loose carpeting that she claims caused her to fall. She also asserts Calvino's had actual knowledge of the alleged loose carpeting on the stairs.

{¶ 6} When reviewing a trial court's summary judgment decision, the appellate court conducts a de novo review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment will be granted when there are no genuine issues of material fact, and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978). When a properly supported motion for summary judgment is made, the adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984).

{¶ 7} To maintain an action for negligence, the plaintiff must show that the defendant owed a duty of care to the plaintiff, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injuries. *See Strother v. Hutchinson*, 67 Ohio St.2d 282, 285, 423 N.E.2d 467 (1981); *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 693 N.E.2d 271 (1988). It is undisputed in this case that appellant was a business invitee on the premises at the time of the accident. Generally, an owner or occupier of land owes an "invitee" a duty of ordinary care to maintain the premises in a reasonably safe condition and a duty to warn the invitee of "latent or hidden dangers." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788

3.

N.E.2d 1088, ¶ 5. It is well-established, however, that a business owner is not an insurer of a customer's safety or against all types of accidents that may conceivably occur on his premises. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985).

{¶ 8} As the Supreme Court of Ohio declared in *Presley v. City of Norwood*, 36 Ohio St.2d 29, 303 N.E.2d 81 (1973), in the absence of proof that the owner or its agents created the hazard, or that the owner or its agents possessed actual knowledge of the hazard, no liability may attach. *Id*. at 32.

{¶ 9} Here, appellant testified at deposition that she could not identify where the loose carpeting was located on the stairs. When asked what evidence she had that the carpeting was loose, appellant stated, "I don't know how to explain it, it just felt like something grabbed onto my, something grabbed onto my shoe, I don't know how else to explain it." A friend of appellant's who dined with her that evening also claimed by way of affidavit that she fell on loose carpeting but did not identify where the loose carpet was located. The restaurant owner/manager testified at deposition that the carpet on the stairs was replaced every two to three years depending on its condition. Appellant presented no evidence that Calvino's previously had a problem with loose carpeting on the stairs. Further, there is no support in the record for appellant's claims that Calvino's created a hazard on the stairs by failing to maintain the area and that loose carpeting existed for such a period of time that it should have been discovered by appellees. Additionally, appellant offered no testimony or evidence that Calvino's had actual or constructive

4.

knowledge of any loose carpeting or other defect on the stairs prior to appellant's fall. This court has held that when the evidence does not establish a store's actual or constructive notice of the alleged hazard, summary judgment is appropriate. *See Strzesynski v. Franks Nursery & Crafts, Inc*., 6th Dist. Lucas No. L-02-1103, 2002-Ohio-4348.

{¶ 10} Based on the foregoing, we find that reasonable minds can only conclude that appellees are entitled to judgment as a matter of law.  Accordingly, the trial court properly entered summary judgment for appellees and appellant's sole assignment of error is not well-taken.

{¶ 11} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                                               JUDGE
Thomas J. Osowik, J.            

Stephen A. Yarbrough, J.       _____
CONCUR.                                                    JUDGE


                                                    _____
                                                   JUDGE


5.